### GREEN et al. v. GERNER et al.
### (No. 876—4629.)

(Commission of Appeals of Texas, Section A. Jan. 12, 1927.)

1. Covenants ⬚79(3) — Covenant restricting nonresidential buildings, which did not purport to extend to various grantees, did not inure to owners of lots in vicinity taking from common grantor.

Covenant in deed restricting use of lot to residence purposes did not give owners of other lots in vicinity right to object to alleged violation, where restrictive agreement contained in deeds from common grantor did not purport to extend to various grantees, and grantor apparently retained liberty to forego and waive restrictive covenant.

2. Covenants ⬚77—Only grantor or those having his rights may enforce restrictive covenant, applying solely as between grantor and grantee.

Only grantor or those having his rights may enforce restrictive covenants in deed, not purporting to run in favor of other grantees of vicinal property.

3. Covenants ⬚77—Vicinal owners may enforce restrictive covenant, where part of "general scheme or plan" of building.

Owners of adjoining lots in subdivision may have right to enjoin violation of restrictive covenant in deed from common grantor, where covenant is part of "general scheme or plan" as to buildings to be erected in neighborhood; such right not resting in deeds acquired by complainants from common grantor.

4. Covenants ⬚77—"General scheme or plan" of building held not shown by restriction in deeds, warranting injunctive relief against violation of restrictive covenant.

Where common grantor executed plat of subdivision without dedicatory language, large part of which had not been subdivided, part being still owned by grantor, "general scheme or plan" of building was not sufficiently shown to enable owners of vicinal lots to enjoin violation by owner of lots of restrictive covenant in deeds from common grantor.

5. Injunction ⬚136(2)—Granting temporary injunction to restrain erection of apartment house in violation of restrictive covenant, prior to trial in injunction suit, held not abuse of discretion.

In suit by vicinal owners to enjoin construction of apartment house by owner of lots in violation of restrictive covenant in deed, where untried issues were presented for disposition, for which trial was necessary, district court did not abuse discretion in preserving status through awarding temporary injunction.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit for injunction by Charles J. Gerner and others against Joe M. Green and another. An order granting a temporary injunction was affirmed by the Court of Civil Appeals (283 S. W. 615), and defendants bring error. Judgment of the Court of Civil Appeals affirmed.

Vinson, Elkins, Sweeton & Weems, of Houston, for plaintiffs in error.

Campbell, Myer & Simmons, of Houston, for defendants in error.

NICKELS, J. This is a "building restriction" case, in which an order granting temporary injunctive relief against the construction of an apartment house was affirmed by the honorable Court of Civil Appeals (283 S. W. 615), and in which writ of error was granted upon assignments presenting that the deeds in question do not so operate, of their own force, as to preclude right to erect the building. We believe the restrictive language of the deed was properly interpreted by the honorable Court of Civil Appeals, but it seems to us an improper effect was assigned thereunto.

[1, 2] Judged by their own terms, each of the deeds in question is intimate to the grantor and grantee therein named, and the restrictive language evidences an agreement between those parties in respect to future use of the particular lot therein described. There is in the deeds no evidence of covenants, conditions subsequent, or agreements with mutuality as between the various grantees, or as

between any grantee and the vendor as representative of any other grantee. The liberty which belonged to the parties enabled them to contract as they saw fit in relation to a lot then being conveyed, and for aught that appears in the language of the deed the grantor retained the liberty to forego and waive the restrictive covenant or condition stipulated by him. Hence the restrictions in the deed under which plaintiffs in error hold do not operate so as to give the owners of other lots the right to object to and prevent erection of the building in question; for the general rule is that only the grantor or those having his rights may enforce such covenants or conditions.

[3, 4] In such a case owners of vicinal lots are not without rights, if properly circumstanced; but their rights must rest in something extrinsic the deeds. What conditions will justify the interposition of equitable power to redress those rights is sufficiently shown in Curlee v. Walker, 112 Tex. 40, 244 S. W. 497. And none of those conditions are manifested in the proof here. What is shown is this: (1) The common grantor executed a plat of the large tract and had the plat recorded. The plat, however, shows nothing, except that a certain tract of land is thereon marked off into blocks, lots, and streets and alleys. It does not include explanatory or dedicatory language, and merely purports to be a subdivisional plat of "Roseland, a Subdivision in the City of Houston, Owned by H. F. Cohen." (2) When Mr. Gerner "purchased his lot, he had a conversation with Mr. Cohen, the owner of the addition, as to the character of the addition; he relied on the general plat of the addition and the restrictions in his deed." Mr. Downman "knew the character that Roseland addition was" when he bought his lot; he "had looked at the addition." Mr. Thaisen "had a conversation with Mr. Cohen about the property," and bought his lot through Babbitt, Cohen's representative. Babbitt, a witness for defendants in error, said that "he handled the sale of lots in Roseland addition for Mr. Cohen, the owner of the addition; the general character of that addition is a residence addition; * * * he is familiar with all these lots sold in that addition;" that "all the restrictions he has come across are just the same with reference to where the buildings were to be erected, and the kind of buildings to be erected, and their location with reference to the streets." (3) Each of the deeds (i. e., those conveying the properties of the parties to the suit) contains the same restrictive language. (4) The deeds in evidence convey, in the aggregate, 11 lots, and the plat shows that a part of the "addition" is subdivided into 86 lots, and that a large part of it has not been subdivided into lots, and a large portion of the "addition" is still owned by Cohen. It results that there is not in the language of the deeds, or in that language as

construed in the light of, or as supplemented by, "the surrounding circumstances," so far disclosed an effect which make the restrictive covenants or conditions imposed by Cohen upon the lots now owned by Green operate for the "benefit of all the lands" and the various owners thereof, under the principles declared in Curlee v. Walker, supra.

[5] The verified allegations present additional fact issues, and, in view of the trial necessary to final disposition of the case, we believe the district court did not abuse its discretion in preserving the status through the action taken.

Accordingly we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.