## KLEIN v. PALMER et al.

### No. 11186.

Court of Civil Appeals of Texas. Galveston.

May 15, 1941.

Harry W. Freeman, of Houston, for appellant.

Percy Foreman, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Harris County granting an application of appellees, C. A. Palmer and others, for a permanent injunction restraining E. L. Durbin and appellant, N. J. Klein, defendants in the trial court, from selling or offering for sale, or permitting intoxicating liquors of any kind to be sold on Lot No. 215 of Riverview Addition to the City of Houston. Appellees instituted the suit in their own behalf and as class representatives of other persons owning lots in said Riverview Addition. They alleged that appellant, N. J. Klein, was the owner of said Lot No. 215 and that E. L. Durbin had leased said lot from him and that he contemplated erecting a building thereon in which he purposed to sell intoxicating liquors.

Defendants answered by general denial and general demurrer. They specially pled that the restrictions sought to be enforced had been waived and abandoned by the owner of said addition and the residents thereof prior to the filing of the suit.

At the request of defendants, the court made the following findings of fact and conclusions of law:

"Findings of Fact.

"In accordance with the stipulation of the parties, I find that defendant, N. H. Klein, took the title to lot No. 215, of Riverview Addition, with notice of the covenant in the deed, referred to in the pleadings as the 9th Restriction, reading as follows:

"'No spiritous, vinous or malt liquors or medicated bitters capable of producing intoxication shall be sold or offered for sale on said premises or any part thereof.'

"That said covenant, among others, was adopted by W. L. Edmundson who platted said addition on November 30, 1926, and that at this time there remained only about nine years before it will expire by lapse of time, on January 1, 1950.

"That lots 1 and 2 of Riverview Addition, fronting on Telephone Road, have had a store building located thereon for many years, and that ever since the repeal of the 18th Amendment to the Constitution of the United States, beer has been sold in said store building and is being sold at the present time; that for more than two years Wright's Filling Station, situated upon Lot

96 of Riverview Addition, fronting on Telephone Road, has been selling beer, and that for a period of six months prior to the filing of this suit, Gordon's Liquor Store situated upon Lot 92 of said addition, also fronting on Telephone Road, has been selling intoxicating liquors, and that no action of any kind has been taken by any of the residents of Riverview Addition, including the plaintiffs herein, to prevent the selling of either beer or other intoxicating liquors, and that this suit filed against Durbin and Klein is the first action taken throughout these many years to enforce the observance of said 9th Restriction.

"Conclusions of Law.

"The court concludes that, as a matter of law, the several violations of said restriction, enumerated above, are insufficient to establish a waiver or abandonment by plaintiffs of their rights under said covenant or 9th restriction, and that plaintiffs are entitled to the injunction herein granted to continue until January 1, 1950."

The record shows that the deed from W. L. Edmundson to the respective purchasers, including the deed conveying said Lot No. 215, owned by appellant Klein, and to the lots owned by appellees contained the following covenants and restriction:

"This conveyance is made and grantee accepts the same subject to the following covenants and conditions, which it is agreed shall be deemed to be covenants running with the soil, and shall continue in full force and effect until January 1st, 1950: '9th: No spiritous, vinous or malt liquor or medicated bitters capable of producing intoxication shall be sold or offered for sale on said premises or any part thereof.' * * * The grantees accept this conveyance subject to the restrictions, easements, covenants and conditions set forth, which it is agreed shall be deemed to be covenants running with the land, and for themselves, their heirs and assigns, covenant to and with the grantor and his heirs and assigns, that they will observe, and that their heirs and assigns will forever faithfully observe and perform said several restrictions and conditions and each of them, and if grantees or any other persons claiming under them shall at any time violate or attempt to violate, or shall omit to perform or observe any of the foregoing restrictions or conditions, it shall be lawful for any person owning land in this addition which is subject to the same restrictions or conditions in respect of which default is made, or it is optional for the grantor herein, to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted."

The law recognizes the right of parties to contract with relation to property as they see fit, provided they do not contravene public policy and their contracts are not otherwise illegal. Curlee v. Walker et al., 112 Tex. 40, 244 S.W. 497; Co-operative Vineyards Co. v. Ft. Stockton Irrigated Lands Co., Tex.Civ.App., 158 S.W. 1191; Hooper v. Lottman, Tex.Civ. App., 171 S.W. 270.

The courts of this state have on numerous occasions held that restrictions in deed prohibiting the sale of intoxicating liquor on the property conveyed are legal and that they do not contravene public policy.

Further, it is the established law that "where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions upon its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, either upon the theory that there is a mutuality of covenant and consideration, or upon the ground that mutual negative equitable easements are created. Where parcels are sold with reference to such a uniform plan to persons having notice thereof, the grantees may enforce the restrictions within this rule, irrespective of the order of the several conveyances, and irrespective of whether the covenants run with the land." Monk et al. v. Danna et al., Tex.Civ.App., 110 S.W.2d 84, 86; Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270; Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Hill v. Trigg, Tex.Com.App., 286 S.W. 182; Green v. Gerner, Tex.Com.App., 289 S.W. 999; Couch v. Southern Methodist, etc., Tex.Civ.App., 290 S.W. 256; Plaster v. Stutzman, Tex.Civ.App., 8 S.W.2d 750; Scott v. Champion Building Co., Tex.Civ. App., 28 S.W.2d 178; 18 C.J. pp. 394, 395, § 459.

It is undisputed that W. L. Edmundson, the developer of Riverview Addition, had followed a general scheme, restricting the property in said addition to certain types of buildings and prohibiting the sale of intoxicating liquors therein, and that appellant had notice of said restrictions, in that

the deed to the lot in question contained said restrictions.

Under the above authorities the only question to be determined herein is whether the developer of said addition or the residents thereof had, prior to the filing of this suit, waived or abandoned said restriction with reference to the sale of intoxicating liquors.

■■ It has been uniformly held, that in order to prove the waiver or abandonment of a general scheme or plan of development, it must be shown that such plan has been violated to such an extent as to reasonably lead to the conclusion that it had in fact been abandoned, and that unsubstantial violations thereof or the fact that a complainant had not objected to previous violations of such restrictions, particularly where they did not immediately affect the enjoyment of his own premises, will not prevent him from maintaining an action for injunctive relief to prevent substantial violations thereof or a violation which would materially affect his own premises. Plaster v. Stutzman, Tex.Civ. App., 8 S.W.2d 750; 18 Corpus Juris, 403; 32 Corpus Juris, 209; McGuire v. Caskey, 62 Ohio 419, 57 N.E. 53; Johnson v. Robertson, 156 Iowa 64, 135 N.W. 585, Ann. Cas.1915B, 137; Stewart v. Finkelstone, 206 Mass. 28, 92 N.E. 37, 28 L.R.A.,N.S., 634, 138 Am.St.Rep. 370.

■ The trial court, upon a full hearing of the facts, found, from conflicting evidence, that no such showing had been made. The record shows that Riverview Addition consisted of some 247 lots. The court found that there had been only three violations of such restrictions and such violations were insufficient to establish a waiver or abandonment by appellees of their rights under said covenant or said 9th restriction.

■ This case having been tried by the court without a jury and there being ample evidence in the record to support the court's findings of fact, they have the same force and effect as a verdict of a jury and this court is bound thereby. Cook v. Mann et ux., Tex.Com.App., 40 S.W.2d 72; Leonard v. Torrance, Tex.Civ.App., 210 S.W. 295; 41 Tex.Jur., p. 1274, Sec. 399.

The judgment of the trial court will be in all things affirmed. It is so ordered.

Affirmed.