## WELSH v. STEWART.
### No. 11309.

Court of Civil Appeals of Texas.
San Antonio.
June 23, 1943.

William H. Shireman, of Corpus Christi, for appellant.

James B. Hubbard and Wesley E. Seale, both of Corpus Christi, for appellee.

MURRAY, Justice.

This is an appeal by N. J. Welsh, Jr., from an order of the district court requiring him to remove a fence which he had constructed upon his own lots but within a ten foot easement lying between his residence, located on lot 7 and part of lot 6, in block 9, Del Mar Addition to the City of Corpus Christi, and the residence of N. C. Stewart, located on lots 1 and 2, block 9, of said addition, and further perpetually forbidding him from maintaining or constructing any obstruction in said easement.

The following restrictions and reservations originally existed in said block 9 of the Del Mar Addition, to-wit:

"A Franchise right of Five (5) feet along both sides of the Central dividing line running through each block in Del Mar as shown by the map thereof, along the rear of all lots, is expressly reserved by A. L. Wright, Trustee, for the use and benefit of public utilities and utility companies, the right of ingress and egress to lay, change, remove and repair utilities in said ten foot reserve being expressly provided for.

"No house or structure of any kind shall be built on the said reservation running through said Blocks. * * *

"If through any error or oversight or mistake between A. L. Wright, Trustee, and the owner or builder of any structure in Del Mar Addition, whether on the part of one or both such structure shall not entirely conform to all of the limitations herein set forth, such nonconformity shall in no way affect or impair the limitations and restrictions as applying to any and all of the remainder of Del Mar Addition. Any delinquency or delay on the part of A. L. Wright, Trustee, in enforcing the correction of any violation of any limitation or restriction shall not operate as a waiver of such violation or confer any implied right on any other owner or holder of a lot or lots in Del Mar Addition to change, alter or violate any of said limitations or restrictions."

It will be borne in mind that this is not a suit by A. L. Wright, trustee, nor by any Utility Company, but is instituted alone by N. C. Stewart, who sues as an adjoining property owner in block 9. The trial judge, in making his findings of fact found, among other things, that:

"1. Margaret Walstead Tullos and Hobert Tullos own Lot 3, Block 9, Del Mar Addition, which lot adjoins the property owned by plaintiff on the west. Prior to erection of plaintiff's house on his lots the said Margaret Walstead Tullos and husband erected the improvements on said Lot 3, and the said Tulloses erected along the center line of the ten foot easement or franchise right at the back of their property a fence in violation of the terms of the Declaration of Limitations applying to Del Mar Addition. This fence was built more than four years prior to the time defendant erected his fence. Plaintiff has made no objection to the Tullos fence.

"2. Plaintiff has never been by the City of Corpus Christi, the Southwestern Bell Telephone Company, Central Power and

**582**

Light Company or any other utility company requested to bring this suit.

"3. Prior to the erection of the fence in question by defendant plaintiff had at times maintained a clothes line within the said ten foot area, which was removed before the fence was erected."

Appellee had waived his right to insist upon compliance with the restrictions in question by permitting a similar violation upon adjoining property to have gone unabated and unobjected to for more than four years prior to the time of the violation by appellant and the trial court erred in granting the injunction. Dellaughter v. Hargrove, Tex.Civ.App., 40 S.W.2d 253; Clifton George Co. v. Great Southern Life Ins. Co., Tex.Civ.App., 234 S.W. 705.

The judgment will be reversed and judgment here rendered that appellee take nothing by reason of this suit, and that appellant recover his costs in this and the court below.

Reversed and rendered.