## HEMPHILL v. CAYCE et al.
### No. 14788.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 4, 1946.

Rehearing Denied Nov. 1, 1946.

Richard Owens, of Fort Worth, for appellant.

William Pannill, of Fort Worth, for appellees.

HALL, Justice.

The case at bar is one of an equitable proceeding brought in the form of an injunction by appellee W. B. Cayce and others against one J. H. Hemphill, appellant, restraining the appellant from violating a building restriction inserted in the deeds of both litigants. Several other property owners in the restricted area filed their intervention and adopted the plaintiffs' pleadings.

By agreement of all parties, the case was heard before the court on its merits for a permanent injunction. The case was tried in the 17th District Court of Tarrant County, Texas, the Honorable Judge Frank P. Culver, Jr., presiding.

The trial court heard the evidence and granted a permanent injunction restraining appellant Hemphill from erecting a business building on his property in said restricted area adjoining appellee's property, and appellant appeals from said decision.

Mr. Hemphill will be referred to as appellant, Mr. Cayce as appellee, and other parties as interveners.

Appellant relies on three points to show why the injunction should be denied, towit:

1. Waiver of the restriction by appellee and interveners.

2. Change of conditions from residence to business property.

3. Plea of res judicata.

The property involved, belonging to appellant, is at the corner of Camp Bowie Boulevard and Tremont Avenue, and is Lot Number 14 in Block 16 of the Hill Crest Addition to the City of Fort Worth in Tarrant County, Texas, and is adjacent to Lot 13 in said block, which fronts on

Tremont Avenue, owned and occupied by appellee as his private residence. For all practical purposes it was agreed by the parties that the Hill Crest Land Company is the common source of title. A portion of the restriction recited in all deeds in question is as follows: "In order to secure the erection of private residences, buildings of a good grade, insure uniformity and harmony in the character of such buildings and maintain the suitableness of the neighborhood for residential purposes and to carry out a general plan for the protection, benefit, use and convenience of each and every purchaser of a lot or lots in the said Hill Crest Addition, and his heirs and assigns, this deed is made upon the following express conditions * * *.

"1. That no building shall be erected on said premises except a private dwelling house and outbuildings thereof.

"2. That no old house shall ever be erected or placed on said lot * * *.

"4. That no dwelling shall be erected upon said lot that shall cost less than $5000.00.

"5. That not more than one dwelling shall be erected upon one lot.

"6. That the front wall of the dwelling erected on this lot shall be 40 feet from the front line of the street upon which said lot fronts.

"7. That any barn, stable or garage which may be erected upon said premises shall be located on the rear line of said lot, or within twenty-five feet of said rear line * * *."

The warranty clause in said conveyance is the usual and customary form, with the exception of taxes for the year 1921 and thereafter, and with the further provision: "so long as the said Grantee, and his heirs and assigns, shall comply with the conditions hereinbefore set out; all of said conditions being covenants which shall run with the land hereby conveyed."

Appellee purchased his property and moved on it in the year 1921. He built his new home in 1925 and has used it as a residence since that time. Appellant purchased the lot in question and moved onto it and started to erect an odd-shaped stone building 25 feet wide, 50 feet long, with one side 62.8 feet wide and 28 feet across the front. He was planning on using said building to place a business therein, to-wit, the sale of baby clothes.

Appellee contends that the erection of this building would damage his residence in the sum of some six or eight thousand dollars, which is substantiated by other testimony, as the back of it would run along the side of his residence.

The record shows that Hill Crest Addition, as shown by the plat, is composed of approximately 25 blocks containing over 600 lots.

Appellant shows some 17 violations to carry out his theory of waiver of restrictions.

The record further shows that some 7 or 8 of these alleged violations are business houses located in Block 23, and that the remainder of the violations either are garage apartments, lighted signs or people carrying on businesses in their residence, except a large brick church located on Lot 26 in Block 10 of Hill Crest Addition, and a fire hall in Lot 1 in Block 6.

While the appellee may have become negligent in not objecting to some of the minor infractions outlined by appellant, yet we do not think that such a departure from the usual restriction is destructive of the integrity of the scheme of development as a whole throughout the entire restricted area of 600 lots. It is obvious from this record that the original owners of the addition formulated and placed into execution a general plan to restrict it to the building of private residence only; that all restrictions placed in conveyances were restrictive covenants running with the land. Therefore, all parties interested in said area may enforce such covenant.

54 A.L.R. 819; 85 A.L.R. 988; 103 A. L.R. 737, cites cases holding the fact that where more than ½ of the houses in a tract are still occupied as residences, although some of them are used in part for businesses, does not effect a change sufficient to cancel the restriction. Also cites other cases holding the fact that a factory, a public garage and a transfer

station maintained in a residential tract does not militate against its residential character.

It was held in the case of Allen v. Massachusetts Bonding & Ins. Co., 248 Mass. 378, 143 N.E. 499, 33 A.L.R. 669, in substance, that the general character of a large tract of residential property is not changed so as to make insufficient restrictive covenants inserted in the deeds for the benefit of residents by the fact that a few shops, picture galleries, doctors' offices, clubs and one apartment house have been constructed in the district.

It was held, however, in Starkey v. Gardner, 194 N.C. 74, 138 S.E. 408, 54 A.L.R. 806, that a change from a residential to a business district in which the restriction had been waived or abandoned by 80% of the owners, made the restriction detrimental, rather than beneficial to the property. This was held to be such a change as to make the enforcement of the restriction inequitable.

Tex.Jur. Vol. 12, p. 173, states the following: "The mere fact that other violations not immediately affecting the value of the plaintiff's property, and occurring on other blocks or in another part of the restricted district, have not been objected to has been held not to give rise to the waiver or estoppel as regards nearer violations affecting the value of the plaintiff's property," and thereafter citing the case of Green v. Gerner, Tex.Civ.App., 283 S.W. 615, and Tex.Com.App., 289 S.W. 999.

It was also held in this case that the failure to object to trivial violations does not preclude enforcement.

In all of appellant's exhibits he does not show any business houses closer than from 1½ to 2 blocks east of appellee's premises, and the only violation claimed of restriction in Block 16 is the garage apartment of Mrs. Waggoner; the chiropractor, A. M. Farris operating in his residence, together with the garage apartment on the rear of Lot 11, owned by him, the mail order house operated from a residential garage out of Lot 17, and a sign on the rear of appellant's lot. These alleged infractions in our mind are trivial compared to the erection of a business house in said block.

At any rate, it has been uniformly held that in order to prove the waiver or abandonment of a general scheme to develop an area, it must be shown that the violations are so great as to the average man's mind would reasonably lead to the conclusion that it had in fact been abandoned. And in the case of Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652, 655, the court laid down the proposition substantially as above stated, and further stated that 'unsubstantial violations thereof or the fact that a complainant had not objected to previous violations of such restrictions, particularly where they did not immediately affect the enjoyment of his own premises, will not prevent him from maintaining an action for injunctive relief to prevent substantial violations thereof or a violation which would materially affect his own premises," citing Plaster v. Stutzman, Tex.Civ.App., 8 S.W.2d 750; 18 Corpus Juris, 403; see also 26 C.J.S., Deeds, § 169; 32 Corpus Juris, 209; see also 43 C.J.S., Injunctions, § 84; McGuire v. Caskey, 62 Ohio St. 419, 57 N.E. 53; Johnson v. Robertson, 156 Iowa 64, 135 N.E. 585, Ann.Cas.1915B, 137; Stewart v. Finkelstone, 206 Mass. 28, 92 N.E. 37, 28 L.R.A.,N.S., 634, 138 Am.St.Rep. 370.

The same rule is laid down by the Supreme Court in the case of Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506.

In appellant's second proposition, we do not think that as a matter of law the conditions had changed so as his property, which he recently purchased, was no longer suitable for residential purposes. It is true that the undisputed facts show that Camp Bowie Boulevard is one of the most traveled thoroughfares in the City of Fort Worth, and that there are National and State highways routed over it. We observe from the testimony that Camp Bowie Boulevard extends in a general westerly direction from the business district of the city and that there are many business establishments on each side of the Boulevard between the city and Hill Crest Addition; that there are some business houses

on the Boulevard in Block 23 of Hill Crest that are approximately two blocks from plaintiff's property. It appears also that there are many business houses on the Boulevard further west and beyond Hill Crest Addition.

██ We find the law to be that where no radical change in a restricted residential tract or its vicinity has been shown, the fact that apart from and surrounding the tract some business has grown up and that the land has become more valuable, does not relieve the restricted area from its restrictions. Rowland v. Miller, 139 N.Y. 93, 34 N.E. 765, 22 L.R.A. 182. We also find that an increase in traffic and congestion in streets bounding the restricted tract, and through it, may be considered, but are not alone sufficient to warrant releasing the property from the restrictions. Hurd v. Albert, 214 Cal. 15, 3 P.2d 545, 76 A.L. R. 1348; Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A.L.R. 837, and other cases cited above in discussion of appellant's proposition number one.

██ We do not find any merit in appellant's proposition number three, to-wit, a plea of res judicata, based on the judgment in the case of Bludworth et al. v. Interstate Circuit, Inc., rendered in a district court of Tarrant County, Texas, and became final without appeal. The judgment shows in that case that the lots affected were Lots 1 and 2 in Block 21 of the Hill Crest Addition, said lots being three blocks from Lots 13 and 14 in Block 16 involved in this case. We therefore find that since it was a judgment involving different property by different litigants the appellee is not estopped from asserting his rights in this case. By the same token, we are not to be understood in this case as passing upon what may or may not be res judicata in any subsequent action relating to any other lot or lots in the Hill Crest Addition. It is our belief that such actions as this or those that may follow covering property in the area, are and must be determined upon the facts and circumstances applicable to the particular property involved.

We will not undertake to discuss all of the principal cases relied upon by the appellant, but will discuss a few of them.

In the case of Dellaughter v. Hargrove, Tex.Civ.App., 40 S.W.2d 253, 254, we find a restricted area in the City of La Feria in Cameron County. Said restrictions in part contained a stipulation that the purchaser should construct no dwelling house on the lot so purchased under the value of $1,800. We find the appellant purchased a small shack valued at $100 and moved it on one of the restricted lots. He was enjoined by temporary injunction requiring him to move the house from said premises. The court, first stating the rule under which a restriction might be lifted or waived, then stated as follows: "Under this rule it was proper for appellant to show that other purchasers of lots in the addition in question violated the restriction sought to be enforced here against appellant, for the purpose of showing that appellee had waived his right to enforce the restriction against appellant, and the trial court erred in excluding such testimony." We are at a loss in this case as to what was the nature and extent of the testimony excluded, as well as the results that would have been obtained therefrom.

Appellant's strongest case relative to change of conditions is Ragland v. Overton, Tex.Civ.App., 44 S.W.2d 768, 773, which was a case that grew out of an injunction suit in the City of Lubbock, Texas, where the State built a college and made a change in conditions; and the court held that the lower court erred in instructing a verdict and that he should have allowed the jury to pass upon the following questions: "* * * whether there was ever a general plan or scheme on the part of the defendant to restrict the whole of Broadway to residential purposes; whether there had been a waiver of the restrictions; and whether, in view of the changed circumstances, conditions, and surroundings, the plaintiffs were in equity entitled to have the restriction removed as to their two lots. * * *" We therefore find no final decision as to the facts in that case.

The case of Clifton George Co. v. Great Southern Life Ins. Co., Tex.Civ.App., 234 S.W. 705, was an appeal by the George Clifton Company from an order granting a temporary injunction restraining appellant from entering upon certain property located

in a restricted district, to-wit, Alamo Heights, Bexar County, Texas, and in any manner interfering with its use and possession by appellee or its tenants. It was admitted that appellee had leased the property to one Lufkin for a place to run a boarding school. Appellant claimed that such use was in violation of the restrictions. The lower court filed findings of fact which showed that appellant had sold several tracts in the restricted area for school purposes as well as for business purposes, and therefore was estopped from claiming a forefeiture as against appellee. We therefore do not find any merit of contention concerning this case.

In the case of Foster v. Bunting, Tex. Civ.App., 19 S.W.2d 784, 789, we find J. E. Foster et al., suing Lucile Bunting et al., to restrain the erection of a building in violation of the restrictions as stated in the deed. Said restrictions are similar to the one contained in the deed in question. In the petition Foster alleged that the front wall of said building was less than 25 feet from the property line and that the main body of said building was approximately 10 feet closer to the front property line than the main body of other houses erected on lots in the block, and that this was therefore in violation of the restrictions in the deed. It was further alleged that the Bunting building under construction was to be a duplex. The jury found that the building was to be a private residence; that it was being used as a private residence; that it was not an apartment house; and that it was not now being used as an apartment house. Upon answers to such questions by the jury, the court entered judgment for the defendants, dissolving the injunction in whole. From this judgment the plaintiffs appealed. The appellate court affirmed the judgment, stating, "The case seems to have been fairly tried, and we conclude that no reversible error in the proceedings has been shown by appellants' propositions."

We will discuss one other case cited by appellant, to-wit, Gillingham v. Timmins, Tex.Civ.App., 104 S.W.2d 115. This case grew out of an injunction suit in the district court of Harris County, Texas, wherein the jury and the court's own findings refused appellant a permanent mandatory injunction against the appellee whereby the appellant sought to prevent the appellee from building and completing a so-called "garage-house" on a lot in Southampton Addition to the City of Houston, same being restricted to a residence costing not less than $6,000, and whereas appellee's garage-house would not cost over $1,250. The appellees had already built the garage house before they were sued. The jury found under special issues Numbers 5, 6 and 7 that "not only has there been a general acquiescence by appellant, the promoters of the addition, and all others concerned, in such construction and use of 'garage-houses' in the addition as places of residence prior to the erection of principal dwellings upon the various lots, but further, there had been a general abandonment therein of any prohibition or restriction against the use of such advance 'garage-house' for residence purposes, and that appellants have waived the enforcement now of any such claimed prohibition against the appellees." The upper court affirmed the trial court. We see no law or evidence in this case that in anywise carries out the contentions of the appellant, because the whole case pertained to a garage apartment built on the back of a lot, to be lived in temporarily until the main house was built, and was not a business house.

We further adhere to the conclusions of law as cited in the case of Scaling v. Sutton, Tex.Civ.App., 167 S.W.2d 275, by this court, as pertaining to this case.

It is clear from what we have stated that we think we would not be justified in reversing the judgment on any one of the three theories advanced by appellant. It has been shown by the undisputed evidence that appellant knowingly breached a covenant binding upon the parties, and in such case the court was justified in restraining by injunction the continuation of such breach.

For the reasons expressed, all of appellant's complaints are overruled and the judgment of the trial court is affirmed.