## BRASWELL v. WOODS.
### No. 11842.

Court of Civil Appeals of Texas. Galveston.
Jan. 9, 1947.

Rehearing Denied Feb. 6, 1947.

K. C. Barkley, Gordon A. Dotson, Herbert G. Tigner, Vinson, Elkins, Weems & Francis and Tarlton Morrow, all of Houston, for appellant.

Blades, Chiles, Moore & Kennerly, Fred W. Moore and Reagan Cartwright, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Harris County granting the application of appellee, Frank R. Woods, for a permanent injunction restraining appellant, B. W. Braswell, from maintaining and operating a florist shop on Lot 26 in Block 29 of Riverside Terrace Addition to the City of Houston.

Appellee alleged that he had purchased Lot 25 in Block 29 of said Riverside Terrace Addition subject to the restriction that no business house or place of business of any kind should be constructed, kept or maintained in said addition and that the property therein would be used for residence purposes only; that appellant had purchased Lot 26, which adjoined said Lot 25, and was subject to the same restrictions, and had constructed a combination residence and business house thereon and that he was using said building both as a residence and as a place to carry on a business, namely a florist shop.

In his answer appellant alleged that the business conducted by him did not come within the purview of the restrictions set

out in the deed under which he had purchased said property; that, while said addition had been placed on the market as high class residential property under restrictions constituting a general plan, owing to the growth and development of the City of Houston in the vicinity in which it was located, such restrictions had been generally waived and violated by appellee and other owners of property therein by failing to object or take legal action to prevent the use of the property within the addition for various business purposes.

At the close of the testimony the court granted appellee's motion for an instructed verdict and, upon the verdict thus returned, rendered judgment permanently enjoining appellant from maintaining and operating a florist shop or any other business on said premises until the termination of the restrictions.

The trial court found in the judgment rendered that the violation of the restrictions within the addition were unsubstantial and trivial in character; that there was no such changes in the character of the property as would render it unfit or unsuitable for residential purposes, and that there had been no abandonment or waiver of such restrictions or of appellee's right to enforce them.

*Riverside Terrace Fourth Section* was placed on the market by the Guardian Trust Company under a plan to restrict the addition to the building of private residences. All deeds made to purchasers of lots therein, including the deed to appellant to Lot 26 and the deed to appellee to Lot 25, contained the following restrictions and covenants:

"Provided, further, nevertheless, that the conveyance hereby made shall be subject to the following restrictions, covenants, easements and conditions, which shall be, continue and remain in effect until January 1st, 1950, that is to say:

"(a) No business house, sanitarium, hospital, saloon, place of public amusement or entertainment, livery stable, factory, warehouse, duplex house, apartment house, or place of business of any kind, shall be constructed, built, kept or maintained on the premises hereby conveyed, nor shall any house on the premises be used for any such purposes, but the same shall be used for residence purposes only. Any residence or main building constructed on the lot or lots herein conveyed shall be of either stucco, hollow tile, concrete, brick, brick veneer, rock or rock veneer construction.

"The grantee accepts this conveyance subject to the restrictions, easements, covenants and conditions above set forth, which it is agreed shall be deemed to be covenants running with the land, and for himself, his heirs and assigns, covenants to and with the grantor and its assigns that he will and that his heirs and assigns shall forever faithfully observe and perform said several restrictions and conditions, and each of them, and if grantee or any other person claiming under him shall at any time violate, or attempt to violate, or shall omit to perform or observe any of the foregoing restrictions or conditions, it shall be lawful for any person owning land, which is subject to the same restrictions, or conditions in respect to which default is made, or for the grantor herein, to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted."

Appellant purchased said Lot 26 in November, 1939, and constructed a combination business house and residence thereon in 1945. The building was being actively used as a place of residence and as a florist shop at the time this action was brought.

It is well settled in this state that the law recognizes the right of parties to contract with relation to property as they see fit, provided they do not contravene public policy and their contracts are not otherwise illegal. Klein v. Palmer et al., Tex.Civ.App., 151 S.W.2d 652; Curlee v. Walker et al., 112 Tex. 40, 244 S.W. 497; Co-operative Vineyards Co. v. Fort Stockton Irrigated Lands Co., Tex.Civ.App., 158 S.W. 1191; Hooper v. Lottman, Tex.Civ. App., 171 S.W. 270.

It is also the established law in this state that: "Where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions upon its use pursuant to a general plan of development or improvement, such restrictions may be en-

forced by any grantee against any other grantee, either upon the theory that there is a mutuality of covenant and consideration, or upon the ground that mutual negative equitable easements are created. Where parcels are sold with reference to such a uniform plan to persons having notice thereof, the grantees may enforce the restrictions within this rule, irrespective of the order of the several conveyances, and irrespective of whether the covenants run with the land." Monk et al. v. Danna et al., Tex.Civ.App., 110 S.W.2d 84, 86; Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270; Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Hill v. Trigg, Tex.Com. App., 286 S.W. 182; Green v. Gerner, Tex. Com.App., 289 S.W. 999; Couch v. Southern Methodist, etc., Tex.Civ.App., 290 S.W. 256; Plaster v. Stutzman, Tex.Civ. App., 8 S.W.2d 750; Scott v. Champion Building Co., Tex.Civ.App., 28 S.W.2d 178; 18 C.J. pp. 394, 395, § 459. See also 26 C. J.S., Deeds, § 167.

■ It is undisputed in the record that the original owners of Riverside Terrace had formulated and put into execution a plan to restrict the addition to the building of private residences and under above authorities all covenants and restrictions placed in conveyances to purchasers of lots therein were restrictive covenants running with the land and appellee and other parties who had purchased lots therein were interested in the area and were entitled to enforce the covenants in said deeds in the event they had not been waived or abandoned.

■■ It has been uniformly held by the courts of both this state and of other jurisdictions that, in order to establish a waiver or abandonment of a general scheme or plan of the development of a particular area, it must be shown that such plan has been violated to such an extent as to reasonably lead to the conclusion that it had in fact been abandoned, and that unsubstantial violations thereof or the fact that

a complainant had not objected to previous violations of such restrictions, particularly where they did not immediately affect the enjoyment of his own premises, will not prevent him from maintaining an action for injunctive relief to prevent substantial violations thereof, or a violation which would materially affect his own premises. Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652; Hemphill v. Cayce et al., Tex.Civ. App., 197 S.W.2d 137; Green v. Gerner, Tex.Civ.App., 283 S.W. 615, affirmed Tex. Com.App., 289 S.W. 999; Plaster v. Stutzman, Tex.Civ.App., 8 S.W.2d 750; 18 Corpus Juris, 403; 26 C.J.S., Deeds, § 169; 32 Corpus Juris 209, 43 C.J.S., Injunctions, § 87; 12 Tex.Jur. 173; McGuire v. Caskey, 62 Ohio 419, 57 N.E. 53; Johnson v. Robertson, 156 Iowa 64, 135 N.W. 585, Ann. Cas.1915B, 137.

■ The record in this case shows no violations of the restrictions sought to be restrained in the block in which appellee lived except the place of business maintained by appellant. There are numerous trivial and unsubstantial violations of the restrictions in other blocks by parties who testified that they had rented rooms in their residences. One witness testified that she had previously operated a boarding house some two blocks distant from appellee's property. There is also testimony that a Dr.Boardman maintained an office in her home some two blocks south of appellee's property, and other violations of like character. This testimony, we think, fails to show as a matter of law such a radical change in the character of the property here involved as to justify a finding that the restrictions in question had been generally waived by persons owning property therein, or that the violations of the restrictions testified to, outside of the use by appellant of said Lot 26, had materially affected the value of appellee's property.

It follows from these conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.