**RAGAN et al. v. MOSHER et ux.**

No. 12137.

Court of Civil Appeals of Texas. Galveston.

Nov. 17, 1949.

Rehearing Denied Dec. 15, 1949.

James N. Erwin, Jr., Randolph & Butler and Nowlin Randolph, of Houston, for appellants.

Walter C. Clemons and J. H. Sperry, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Harris County denying an application for an injunction brought by appellants, Cooper K. Ragan and wife and Wood Johnson seeking to restrain appel-- lees, W. E. Mosher and wife, from erecting a garage apartment on property in Ormond Place Addition to the City of Houston adjoining the Ragan property.

Appellants alleged that Cooper K. Ragan and his wife owned and occupied Lot 5,.

Block 9 of Ormond Place Addition; that appellant Wood Johnson owned and occupied Lot 6 in Block 9 of said Addition. That appellee, William E. Mosher and wife owned and occupied Lot 4 in Block 9 of said Ormond Place Addition. They alleged that they had purchased said property subject to the restrictions that not more than one residence should be erected on the lot purchased, that no building except for residence purposes, garage or servants room necessary to be used in connection with the residence should be erected on said Lot, and that said restrictions were in full force, but that appellees, in direct violation of the restrictions in the deed under which they held title, had erected a two story garage apartment at the rear of their home on said Lot 4 in Block 9 of said Ormond Place Addition.

Appellees in their answer, alleged that appellant Cooper K. Ragan was estopped from asserting the validity of the building restrictions relied upon by them because he had breached the provision of the restrictions in question by using the improvements on their property for a duplex apartment rather than a single residence dwelling and that appellant Wood Johnson was estopped from asserting the validity of the restrictions relied upon by him because he had not objected to the violation of said building restrictions by other owners in the Ormond Addition on Banks Street who had constructed duplex and garage apartments in the block on which their property was located; that the neighborhood in which they lived had changed from the purposes for which the building restrictions were first enacted and that the addition was no longer used by the owners of the property therein for single residence buildings alone.

In a trial of the case upon its merits, a jury, in answer to special issues submitted found in effect, among other facts, that the restrictions contained in the deed under which appellees held said Lot 4 in Block 9, prohibited the erection of living quarters over a garage to be occupied by a tenant but that, prior to the institution of this action, there had been a general acquiescence in the erection and use of living quarters over garages for tenant purposes on lots located in Ormond Place Addition, and that appellees relied upon such acquiescence when they proceeded to build living quarters over their garage for tenant purposes. The jury found that appellants had generally waived the enforcement of restrictions against the building and use of living quarters over garages on lots located in Ormond Place Addition, but in answer to special issue No. 5, they found that the defendants did not rely upon such waiver when they proceeded to build the living quarters over the garage for tenant purposes. They found that before appellees erected the improvements in question there had been an abandonment generally in Ormond Place Addition in restrictions against the erection and use of living quarters over the garage for tenant purposes, and that the appellees relied upon such abandonment when they proceeded to build the living quarters above the garage for tenant purposes. They found that appellants did not suffer any substantial damage by the erection and use of the living quarters over the garage for tenant purposes upon their premises.

Judgment was entered denying all relief sought by appellants.

Appellants rely on seven points of alleged error. They assign error in the refusal of the court to instruct the jury to return an instructed judgment for them for the alleged reason that the evidence was undisputed that appellees had violated the restrictions in Ormond Place Addition which were in full force and effect. Under their points of appeal Nos. 3, 4, 5 and 6, appellants contend that the trial court erred in submitting special issues Nos. 2, 4, 6 and 7, which inquire as to whether there had been a waiver or abandonment of the restrictions against the building and use of living quarters over garages on lots in Ormond Place Addition, for the alleged reason that said issues were not supported by pleading and were contrary to any evidence in the case. They also contend that there is a material conflict of the findings of the jury in response to special issues No. 3 and 5.

The controlling question presented in the appeal is whether the verdict of the jury is supported by the evidence.

It was stipulated by the parties that Ormond Place Addition was placed on the market under a general plan to restrict the addition to the building of private residences, and that all deeds made to purchasers of lots therein including the deed to Lots 4, 5, and 6 in Block 9, contained the following restrictions and covenants:

"Not more than one residence shall be erected on said lot and it shall front in a southerly direction on Banks Avenue.

"No buildings, except for residence purposes, garage, servant room, etc., necessary to be used in connection with the residence shall be erected on said lot, and the vendee herein specifically agrees never to erect any building, including the porches on said residence, nearer to any of the property lines than five (5) feet nor nearer to the street on which the residence shall face than twenty-five (25) feet.

"It is expressly stipulated and agreed that these restrictions and reservations shall run with the land and be binding upon the grantee his heirs, executors and administrators, and upon any future owners during the life of this Grantor and shall remain in full force and effect for twenty-one years after the date of the death of this Grantor; furthermore, these restrictions and reservations are made for the benefit of any and all persons who now may own, or who may hereafter own property in Ormond Place, and such persons are specifically given the right to enforce these restrictions and reservations."

It was stipulated by the parties that the promoters of Ormond Place by general plan or scheme subjected all tenants of the lots therein to the same restrictions as found in the deed to Lot 5 in Block 9. That said restrictions were for the benefit of all owners in the entire addition; that at the time of the erection and construction of the garage apartment by appellees they intended and now intend, unless prohibited by an injunction, to use the living quarters over the garage for tenant purposes and to receive rents from the occupants thereof.

Appellants, Cooper K. Ragan and wife have owned and occupied Lot 5 in Block 9 as their homestead since 1943 and appellant Wood Johnson has owned and occupied Lot 6 of said Block continuously since 1928. It is undisputed that appellees acquired said Lot 4 of said Block 9 with full knowledge of the restrictions relied on by appellants. That Lot 6 owned by appellant Johnson is the easternmost lot in the block. It adjoins Lot 5 owned by the Ragans. It is undisputed that appellees did not consult appellants prior to the time they proceeded to construct the garage apartment.

The record presents much evidence by both parties relating to whether or not the restrictions in question had been waived. It discloses two conflicting theories of fact, the one supporting and the other refuting the contention of appellees that such restrictions have been waived and of appellants that there have been no waivers; however the jury found, on what we deem to be sufficient evidence, that prior to the institution of this action, there had been a general acquiescence in the erection and use of living quarters over garages in the addition for tenant purposes; that appellees relied upon such acquiescence when they proceeded to build the living quarters over the garage in question; that appellants have generally waived the enforcement of the restrictions against the building and use of living quarters in said addition and that before appellants erected the improvement in question there had been an abandonment generally in the addition of restrictions against the erection and use of living quarters over garages for tenant purposes.

It is well settled in this State that the law recognizes the rights of parties to contract with relation to property as they see fit provided they do not contravene public policy and their contracts are not otherwise illegal, Braswell v. Woods, Tex.Civ.App., 199 S.W.2d 253; Klein v. Palmer et al., Tex.Civ.App., 151 S.W.2d 652; Curlee v. Walker et al., 112 Tex. 40, 244 S.W. 497, and that where parcels are sold with reference to such a uniform plan to persons having notice thereof, the grantee may enforce the restric-

tions within this rule, irrespective of the order of the several conveyances, and irrespective of whether the covenants run with the land. Braswell v. Wood, supra, and authorities there cited.

It is also the settled law both in this State and other jurisdictions that these restrictions may be waived but that in order to establish a waiver or abandonment of a general scheme or plan for the development of a particular area, it must be shown that such plan has been violated to such an extent as to reasonably lead to the conclusion that it had in fact been abandoned, and that unsubstantial violation thereof or the fact that a complainant has not objected to previous violation of such restrictions, particularly where they did not immediately affect the enjoyment of his own premises, will not prevent him from maintaining an action for injunctive relief to prevent substantial violations thereof, or a violation which would materially affect his own premises. Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652; Hemphill v. Cayce et al., Tex.Civ.App., 197 S.W.2d 137; Green v. Gerner, Tex.Civ.App., 283 S.W. 615, affirmed Tex.Com.App., 289 S.W. 999; Plaster v. Stutzman, Tex.Civ.App., 8 S.W.2d 750; 18 C.J. 403; 26 C.J.S., Deeds, § 169; 32 C.J. 209; 43 C.J.S., Injunctions, § 87.

It is the settled law in this state that where a jury's answers to special issues are sufficient to form the basis of a judgment and such answers were not tainted with jury misconduct, a reviewing court will not disturb the verdict of the jury or findings of the trial court (when trial is without a jury) where there is some evidence to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231 McCasland et al. v. Henwood, Tex. Civ.App., 213 S.W.(2d) 555; Underwood v. Security Life and Annuity Co., 108 Tex. 381, 194 S.W. 585; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

Under their 7th point appellants contend that there was a material conflict in the findings of the jury in response to special issues Nos. 3 and 5 and that the court erred in rendering any judgment thereon.

There is, we think, no actual conflict in the jury finding in answer to special issues No. 3 and 5. Under special issue No. 3, the jury found that the appellees relied upon a general acquiescence when they proceeded to build the living quarters over the garage. In answer to special issue No. 5, they found that the appellees did not rely upon the plaintiffs' general waiver. There was, we think, no necessity that appellee rely upon the change in the character of the neighborhood since the jury found that the restrictions in question had been waived.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.