**ARRINGTON et al. v. CLEVELAND et al.**

No. 15260.

Court of Civil Appeals of Texas.
Fort Worth.

July 20, 1951.

Rehearing Denied Sept. 21, 1951.

Bryan, Stone, Agerton & Parker, of Fort Worth, for appellant Ethel Cloer.

Cantey, Hanger, Johnson, Scarborough & Gooch, of Fort Worth, for appellant Dera Arrington.

Samuels, Brown, Herman & Scott and Ardell M. Young, all of Fort Worth, for appellees.

CULVER, Justice.

Suit by Courts Cleveland and wife and other property owners in the Hillcrest Addition sought to enjoin the appellants Dera Arrington and Ethel Cloer from violating a covenant restricting their property to residential use. The land involved is triangular in shape with its hypotenuse lying along Camp Bowie Boulevard, ad-

mittedly one of the most heavily traveled highways in the city, and being Lot 34, Block 13, Hillcrest Addition to the city, less the south fifty feet which is owned and occupied as a residence by appellees Cleveland and wife.

The Court directed a verdict in favor of appellees and granted a permanent injunction restraining appellants from conducting any commercial or business ventures on the property in question.

Appellants base their appeal upon the alleged error of the trial court in granting the motion for the instructed verdict. They assert that the testimony raised material issues of fact which should have been submitted to the jury, namely: (1) Laches, estoppel and statutory limitations precluding appellees from enforcing the restrictive covenants as to the specific lot in question. (2) Waiver and estoppel of the restrictive covenants as to the whole of Hillcrest Addition by the numerous and long-continued uses of lots therein for commercial purposes. (3) Use of the premises as being consistent with the meaning and spirit of the restrictive covenant, though being put to other incidental use. (4) Laches on the part of appellees as to appellant Cloer.

The evidence discloses that in 1945, one Martin purchased this property and for some two years operated a beauty parlour on the lower floor and with his family resided upstairs. In the fall of 1947, finding that he could not enlarge the building conformably to city zoning ordinances, he sold the property to a Mrs. Baker who used it for a short time, both as a residence and as a reducing salon. In February, 1948, the property was purchased by appellant Mrs. Arrington, who resided there and took orders for cakes and candies, which she made on the premises and delivered to her customers. There was also conducted on the premises during Mrs. Arrington's occupancy, for an undisclosed period of time, a beauty shop known as Loretta's. In the summer of 1949, Mrs. Arrington vacated the property and went to Oklahoma. Based on this testimony, appellants say that the two and four year

statutes of limitations bar the granting of this injunction. Article 5526, Vernon's Civil Statutes, reads: "Actions of trespass for injury done to the estate or the property of another" must be commenced and prosecuted within two years after the cause of action shall have accrued. Article 5529 provides: "Every action * * * for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward." In our opinion, the two year statute would not apply. The injury here is not strictly one of trespass, but is the asserted violation of rights and duties growing out of the written contract. Welsh v. Stewart, Tex.Civ. App., 178 S.W.2d 581.[1] Eidelbach v. Davis, Tex.Civ.App., 99 S.W.2d 1067. In any event, however, we conclude that under the present circumstances neither statute can be invoked. In the first place, considering the testimony most favorably to appellants, it does not show with any degree of certainty that a beauty shop or any related activity was conducted on the premises continuously for a period of four years. Holstein v. Adams, 72 Tex. 485, 10 S.W. 560. Secondly, the services rendered by a beauty shop differ widely in character from the business maintained by the defendant Mrs. Cloer who is operating a store, selling paints and wall paper by retail, with a stock of pottery exhibited for sale outdoors. Briggs v. Hendricks, Tex.Civ.App., 197 S.W.2d 511.

Since 1946, six suits have been filed involving these restrictions on lots in Hillcrest Addition in the immediate vicinity of appellants' lot. All have been terminated favorably to the contentions of these appellees. Two were tried and appealed. Hemphill v. Cayce, Tex.Civ.App., 197 S.W. 2d 137; Walker v. Dorris, Tex.Civ.App., 206 S.W.2d 620. Two were tried in the 96th District Court in the fall of 1950, and the others dismissed on terms satisfactory to the protesting property owners. Practically all of the asserted violations throughout the Hillcrest Addition testified to in the present case were also in evidence in the other trials and especially in those

1. Reversed on other grounds. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506.

of Hemphill v. Cayce and Walker v. Dorris, supra. The latter case being tried before a jury, an instructed verdict was upheld by this Court. See also Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652, par. 4 and 5; Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506.

The appellants contend that the evidence would warrant a finding by the jury that the value of this property for residential purposes had been destroyed, and accordingly, that it would be inequitable and oppressive to give effect to the restriction. This contention is overruled. The facts show without dispute that the property has at all times and is now being used, at least partly, for residential purposes. It must be conceded that this particular lot would sell for a greater price if the restrictions were removed and it could be devoted entirely to business uses. This is true of other lots in the addition lying along Camp Bowie Boulevard as there are many business establishments both east and west of the premises in question. At the same time, there are other homes and residences both east and west of this property occupied exclusively for residential purposes on both the north and south sides of Camp Bowie Boulevard, and to say that the property has no value for residential purposes, is to ignore the facts obvious on inspection of the plat in evidence. Bethea v. Lockhart, Tex.Civ.App., 127 S.W. 2d 1029. Appellants cite the case of Johnson v. Poteet, Tex.Civ.App., 279 S.W. 902, where the property had become of little value for residential use and the application of the restrictive covenant was denied. In that case, however, the common grantors with the acquiescence of all the co-covenantees had conveyed adjoining lots free of restrictions on which various businesses, including a public garage, were being operated.

Obviously, we think, the use of the premises by the defendant Mrs. Cloer in operating her retail paint and wall paper store cannot be said to be so incidental to her residence as to be consistent with the meaning and spirit of the covenant which restricted the use of the property for residential purposes. To hold otherwise would permit the operation of any character of a business enterprise, provided the owner occupied a portion of the establishment as a bedroom. Points two and three are overruled.

The last question is whether or not the evidence was sufficient to raise the question of laches on the part of appellees toward the appellant Cloer. The testimony is substantially without conflict. Mrs. Cloer leased the property from Mrs. Arrington in September, 1949, with an option to buy. Almost immediately, the Clevelands protested to Mrs. Cloer against the commercial use of the property. In December thereafter, a letter was written to her by the Hillcrest Property Owners Association, calling her attention to the restrictive covenant. In July, 1950, a letter was addressed to Mrs. Arrington, copy to Mrs. Cloer, by the attorney for appellees, stating that he had been retained to file suit if the violations of the restricted covenants were not discontinued at once. This suit was filed in October, 1950, approximately one year after Mrs. Cloer began to occupy the premises. Appellants assert that such delay was unreasonable and resulted in substantial injury to Mrs. Cloer. If this contention is correct, the case must be remanded for another trial. Generally speaking, we think the evidence reveals that these property owners in Hillcrest have been rather zealous in their attempt to stem the tide of commercial encroachment. Both appellants knew of the restrictions, were acquainted with efforts of appellees to preserve the residential character of the addition and had in no way been misled into believing that these appellees would not vigorously oppose the operation of a store or other commercial activities on the premises. In support of this contention, the appellants cite the case of Barksdale v. Allison, Tex.Civ.App., 210 S.W.2d 616 where the court held that the delay of one month, during which time the property owners had completed construction of a mercantile building, costing $10,000, was unreasonable and denied the injunction. In that case, it was shown that the property owner told the plaintiff what he intended to build; talked with him about

the attitude of the neighbors, the plaintiff voiced no objection, but told the property owner to go before the zoning board, make application for a permit, and he would then know whether or not he could construct such a building. Clearly, in that case, there was a misleading of the property owner by the plaintiff. In 30 C.J.S., Equity, § 117, the rule is stated: "It is not for a wrongdoer to impose extreme vigilance and promptitude as conditions to the exercise of the right of the person injured. So the doctrine of laches does not apply where defendant has acted in open and known hostility to plaintiff's rights and has been misled by no apparent acquiescence on plaintiff's part; the law does not demand the utmost exertion of diligence in repelling a hostile invasion of one's rights deliberately undertaken with full knowledge of all the facts." In the recent Texas case of Shaffer v. Rector Well Equipment Company, Inc., 155 F.2d 344, 347, Judge Waller of the Fifth Circuit holds: "The burden of proof to establish the defense of laches is on the defendant and the failure of defendant to prove injury or damage to itself—a vital element in the establishment of laches—would be fatal to such a defense, even if it had maintained that defense in other respects." Appellant Cloer testified that she had expended $2,000 on the premises after taking possession, which included the cost of painting, inside and out, papering, renewing broken windows and other repairs to make the place habitable. According to her, the place was in a "terrible state" at the time she took over. The only items of expense which were strictly for business purposes were the building of bins and shelves for merchandise and the installation of a large window in the wall facing Camp Bowie Boulevard. No segregation of these expenses was attempted and it is impossible to determine from the testimony what the improvements cost separately. It would seem that a greater part of the expenditures on the part of Mrs. Cloer was incurred within a very short time after her lease was executed. She stated that it was necessary that partitions downstairs be moved and bins and shelves be installed before moving her stock of merchandise, and that the stock was placed in the building about Halloween, 1949.

 Again, Mrs. Cloer testified that some of the work on the premises was done after the filing of this suit, and even at the time of the trial, she was engaged in making some improvements to the living quarters upstairs. We accordingly hold that appellant Cloer has not discharged the burden of proving that the delay in filing suit produced any injury or damage to her. Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270, 271.

Under the facts and circumstances in this case, we are of the opinion that the directed verdict was proper and the judgment of the trial court is accordingly affirmed.