Troy BARHAM et ux., Appellants,

v.

Rodney REAMES et al., Appellees.

No. 16387.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1963.

Rehearing Denied April 12, 1963.

Wiley Thomas, Angleton, for appellants.

Goff & Koonce and Robert C. Koonce, Angleton, for appellees.

RENFRO, Justice.

Suit was instituted by plaintiffs Reames, Brothers and Davidson for permanent injunction to prohibit defendants Barham and wife from conducting a beauty parlor business in a building on their lot in violation of certain restrictions, covenants and conditions common to the Addition. Defendants admitted the violation but defended upon the grounds of laches, waiver and abandonment of restrictions.

Plaintiffs' motion for instructed verdict was overruled and the case was submitted to the jury on the question of waiver by the plaintiffs. The jury was unable to agree, whereupon the court rendered judgment for plaintiffs. The judgment recited there was no evidence to prevent enforcement of the restrictions by the plaintiffs who relied on said restrictions.

On appeal the defendants contend the court erred in rendering judgment for plaintiffs because there was evidence to support their pleaded defenses.

Chevy Chase Subdivision Section III is comprised of 5 blocks in the City of Angleton, Brazoria County.

Block 1 is the southernmost block and is abutted on the north by Southhampton Road; Block 2 is north of Block 1, and is abutted on the south by Southhampton Road and on the north by Wimberly Road; Blocks 3 and 4 are further north; and Block 5 is a long block running north and south across North Tinsley Street and west of the other Blocks.

Defendants own Lot 20 in Block 1, and it faces on Southhampton Road. North Tinsley Street runs along the west side of defendants' lot.

Plaintiff Reames owns Lot 21, Block 1, and adjoins defendants' lot on the east. Plaintiff Davidson owns Lot 1, Block 1. Said lot is immediately south of defendants' lot. Brothers owns lots and parts of lots in Block 5 across North Tinsley Street from defendants' lot.

Another person was operating and had operated a beauty parlor known as Jewell's on the north side of Wimberly Road for more than four years. She had converted her garage into a beauty parlor. Some of

plaintiffs, or their wives, knew of such operation. Said parlor was in Block 3 and was a block north and approximately one-half block east of defendants' lot, and about the same distance from plaintiff Reames' lot. It was still further from plaintiff Brothers' lot.

Witness Carr, employee of Dow Chemical Co., did some part-time air-conditioning and refrigeration service from his family garage in the same block in which defendants and plaintiff Reames resided. "They come and get him * * * or he goes to their house." Another resident on Southhampton, across the street from defendants, did some TV repairs "from his home"; he had no machinery and equipment. Plaintiff Brothers used one-half of his two car garage for woodworking hobby.

In Hemphill v. Cayce, Tex.Civ.App., 197 S.W.2d 137, this court had before it a case in which appellant showed 17 violations to carry out his defense of waiver. It was held: "While the appellee may have become negligent in not objecting to some of the minor infractions outlined by appellant, yet we do not think that such a departure from the usual restriction is destructive of the integrity of the scheme of development as a whole throughout the entire restricted area of 600 lots. It is obvious from this record that the original owners of the addition formulated and placed into execution a general plan to restrict it to the building of private residence only; that all restrictions placed in conveyances were restrictive covenants running with the land. Therefore, all parties interested in said area may enforce such covenant."

In the instant case the violations, if indeed there were any violations, other than Jewell's, must be regarded as trivial. Failure to object to trivial violations does not preclude enforcement.

■ In order to prove the waiver or abandonment of a general scheme to develop an area, it must be shown that the violations are so great as to the average

man's mind would reasonably lead to the conclusion that it had in effect been abandoned.

■ There is no evidence that Jewell's, approximately a block and a half from plaintiffs' property, and on another street, affected the plaintiffs' enjoyment of their respective properties, nor materially affected said premises.

In our opinion, under the holding in Cayce, supra, the plaintiffs, under the record in this case, did not waive the residence restrictions by failure to object to the continued operation of Jewell's.

■ Restrictions may be waived but in order to establish a waiver of a general scheme or plan for the development of a particular area, it must be shown that such plan has been violated to such an extent as to reasonably lead to the conclusion that it in fact had been abandoned, and that unsubstantial violation thereof or the fact that a complainant has not objected to previous violation of such restrictions, particularly where they did not immediately affect the enjoyment of his own premises, will not prevent him from maintaining an action for injunctive relief to prevent substantial violations thereof, or a violation which would materially affect his own premises. Ragan v. Mosher, Tex.Civ.App., 225 S.W.2d 438; Klein v. Palmer, Tex.Civ. App., 151 S.W.2d 652; Hemphill v. Cayce, supra; Green v. Gerner, Tex.Civ.App., 283 S.W. 615, affirmed Tex.Com.App., 289 S.W. 999; Plaster v. Stutzman, Tex.Civ.App., 8 S.W.2d 750; Walker v. Dorris, Tex.Civ. App., 206 S.W.2d 620; and Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400.

The Supreme Court in Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506, held: "While a lot owner in a restricted district may under certain circumstances, by acquiescence in violations of restrictions as to some lots, waive his right to insist upon compliance as to others, the settled rule is that he is not precluded from enforcing a restriction against an owner whose violation of it ma-

**260**

terially affects him, by failing to complain of another's violation which does not materially affect him in the enjoyment of his property or which is merely trivial."

Under the record before us, and in view of the above authorities, we agree with the trial court that there was no evidence of sufficient probative force to prevent enforcement of the restrictions.

Since an instructed verdict for plaintiffs would have been proper, the court did not err in rendering judgment for plaintiffs.

Judgment affirmed.