## STUBBLEFIELD et ux. v. PASADENA DEVELOPMENT CO. et al.
### No. 12426.

Court of Civil Appeals of Texas.
Galveston.

June 12, 1952.

Tom F. Coleman, Jr., Henson, Coleman, Walker & Baskin, of Pasadena, for appellant.

Fulbright, Crooker, Freeman & Bates, L. Keith Simmer, of Houston, for appellee Pasadena Development Co.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Harris County, prohibiting appellants from using Lot No. 44 of the Vince Heights subdivision to the City of Pasadena, for any purpose other than for single-family residence purposes.

Members of Vince Heights Civic Club intervened in the suit, both as members of the Civic Club, and as individuals who owned property in the subdivision. They alleged that appellants had violated the restrictions under which all owners had purchased the property. They adopted appellees' pleadings and sought injunctive relief.

In a trial before the court; judgment was rendered restraining appellants from using

the improvements on Lot No. 44, in Vince Heights Addition, for conducting a beauty shop or for carrying on a hairdressing establishment, for compensation. The court found in the judgment rendered, on what we deem to be sufficient evidence, that the restrictions affecting the Vince Heights Addition prohibit the use of the improvements on any property in the Addition—including Lot No. 44, owned by appellants,— for any purpose other than single-family dwellings. Appellants were enjoined and restrained from using or permitting the use of said property for other than single-family residence purposes until January 3, 1974.

No findings of fact or conclusions of law were requested or filed by the trial court.

Before placing any lots in the Addition on the market, appellees—as owners and developers of the Addition—adopted and had recorded a plat of the Addition, showing which lots were reserved for the erection of residential buildings. Appellees also adopted and had recorded a general plan, embodying the reservations, covenants and restrictions on the use of the lots in the Addition. Such restrictions provided that the lots were to be used for single-family purposes only.

Mr. W. J. Cole, the immediate grantor, testified that the restrictions were embodied in and made a part of his deed to appellants, and that he had informed appellants—prior to the purchase of their lot—that "regular F.H.A. and G.I. restrictions" applied to their lot, and that appellants had accepted their deed, subject to such covenants.

The record reflects that Mrs. Stubblefield had moved her beauty shop from Houston to their home on said Lot 44, and had converted her attached garage for beauty shop purposes.

Appellants rely on five points of assigned error. They contend that the trial court erred in rendering its judgment— declaring that the restrictions of record affecting the Vince Heights Addition prohibit the use of the lots in said Addition, including said Lot No. 44, for any purpose other than single-family residence pur-

poses—and—enjoining them from using their property for the operation of a beauty shop, or for conducting a hair dressing establishment for compensation—because such use did not constitute a violation of the restrictions.

This contention cannot, we think, be sustained.

It is undisputed in the record that the trust agreement and restrictions were placed in each deed to lots sold in the Addition, including Lot No. 44 involved in this action.

The parts of the trust agreement—made by the developers of said addition and incorporated in the deeds to purchasers of lots in the Addition—pertinent here—were to this effect:

(1) That certain sections of the Addition should be used for single-family residence purposes only; and,

(2) That only one single-family residence should be constructed or permitted on each lot.

 It is the established rule in this State that parties have a right to contract, with relation to their property, as they see fit, where they do not contravene public policy, and where their contracts are not otherwise illegal.

 In the case of Braswell v. Woods, Tex.Civ.App., 199 S.W.2d 253, 254, (writ refused, n. r. e.), the court said: "* * 'Where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions upon its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, either upon the theory that there is a mutuality of covenant and consideration, or upon the ground that mutual negative equitable easements are created. * * *'", quoting from, among others, Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84. The above rule is also set out in Pardo v. Southampton Civic Club, Tex. Civ.App., 239 S.W.2d 141, writ refused.

It is undisputed in this record that the lots in Vince Heights Addition were restricted to the use of the property for

310

residence purposes, by the express language of paragraphs (2), (3) and (4) of the restrictions.

█ "In construing covenants or restrictions as to the use of property, the circumstances and conditions surrounding the parties and property must be considered as well as the manifest object of the grant or restriction. So, the intent of the parties and the object of the deed or restriction should govern, giving the instrument a just and fair interpretation." 26 C.J.S., Deeds, § 163.

█ Applying the above rules to the facts in the instant case, it is, we think, clear that the developer of Vince Heights Addition clearly intended that the property in the Addition which was reserved for residental use, should be used for that purpose exclusively. As we construe the word "exclusive" in said restrictions, it must have been used to express the developer's intention that the residential use was to be exclusive of business use.

In the Pardo case, supra [Tex.Civ.App., 239 S.W.2d 144], the Southampton Civic Club contended that the trial court erred in refusing to enjoin all business use of the lot in question "because the circumstances surrounding the adoption of the basic restrictions in the general plan of development bear out the dual plan or scheme of a high class and exclusive residential community, in which Lot 10 of Block 45 is expressly included, and because a joint business and residential use, as permitted by the judgment of the trial court, of the building on said Lot 10 of Block 45 does not conform to a dwelling, as required by paragraph (e) of the restrictions and does violence to the expressed intention of the parties, creating a hybrid use which they contend is neither a high class and exclusive residental use nor a high class and exclusive business use." Continuing, the court said, "Under the above authorities it seems to be settled both in this state and in other jurisdictions that in order to carry out the intention of the developers of this addition, as evidenced by the restrictions above quoted, the use of said Lot 10 of Block 45 of Southampton Place

Addition must be limited to a single family residence."

We have carefully considered all points of appeal presented by appellants in their brief and have found no reversible error in the record.

It follows that the judgment of the trial court must be, in all things, affirmed.

Affirmed.