**Harry LITVIN et ux., Appellants,**

**v.**

**E. L. KENNEDY et ux., Appellees.**

**No. 3234.**

Court of Civil Appeals of Texas.

Eastland.

May 11, 1956.

Chaney & Harless, Dallas, for appellants.

John C. Grant, Dallas, for appellees.

GRISSOM, Chief Justice.

Kennedy and wife sued Litvin and wife for an injunction requiring them to remove a portion of a fence built in violation of a restriction on the use of lots in the addition in which they live which prohibited the building of any part of a fence less than 30 feet from a street line. The parties live on adjoining lots. The Kennedys purchased theirs in May, 1953. The Litvins purchased theirs in July, 1952 and built the fence in March, 1953. In a trial to the court judgment was rendered requiring the Litvins to remove the six feet of the fence which extended into the prohibited zone. The Litvins have appealed.

Their points are that the court erred in requiring the Litvins to remove six feet of the fence because the Kennedys' grantor had waived such restrictions prior to their purchase of the adjoining lot by not compelling removal of the fence and because the restrictions were not violated. Under appellants' contention that the Kennedys' grantor had waived compliance with the restrictions before they purchased the ad-

joining lot, appellants point out the fact that their fence was built two months before the Kennedys purchased the adjoining lot; that the grantor took no action to enforce the restrictions and that the Kennedys knew of the restrictions but did not bring this suit until about sixteen months thereafter. It is not shown that either appellees or their grantor knew the fence extended into the prohibited area for any considerable time before this suit was filed.

The "minimum set back line" for the erection of a fence was 30 feet from the adjoining street. The restrictions in this addition provided that no fence should be erected nearer to a street than the minimum set back line shown on the plan unless the Architectural Control Committee for the addition should approve the same in writing. It further provided that if said committee failed to either approve or disapprove within thirty days "after the plans and specifications have been submitted to it or in any event after no suit to enjoin the construction has been commenced prior to the completion thereof approval will not be required and the related covenants shall be deemed to have been fully complied with." Although the Litvins submitted no plans or specifications to said committee they now contend that because no suit to enjoin construction of the fence was commenced before its completion that the restrictions should be deemed to have been complied with. The provision is not applicable because the Litvins did not submit any plans or specifications to the committee.

Although such proceedings must be timely instituted, under all the facts and circumstances shown we cannot hold as a matter of law, contrary to the findings of the trial judge, that appellees waived or abandoned their right to enforce the restrictions. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506, 509.

The record reveals a general building scheme and general restrictions for the entire addition adopted for the purpose of making the addition more attractive for residential purposes. The restrictions were clearly intended for the benefit, among others, of the grantors' remaining land. We think that, although they were subsequent grantees, the Kennedys were entitled to enforce the restrictions. 14 Am. Jur. 658; Scaling v. Sutton, Tex.Civ.App., 167 S.W.2d 275, 279 (Writ Ref.); Goodrich v. Brubaker, Tex.Civ.App., 80 S.W.2d 1047; and 12 Tex.Jur. 162. The judgment is affirmed.