**Ronald B. ZENT et al., Appellants,**

v.

**Nancy P. MURROW et al., Appellees.**

**No. 11878.**

Court of Civil Appeals of Texas, Austin.

Feb. 16, 1972.

Baker, Watkins, Ledbetter, Hayden & Ramsey, George E. Ramsey, III, Austin, for appellants.

Jay B. Wilkins, Jr., Austin, for appellees.

O'QUINN, Justice.

The appellees, as owners of five residential lots restricted to single family dwellings, brought this lawsuit to enjoin appellants, owners of adjacent lots, from erecting duplex residences on their property.

All of the lots involved were conveyed originally by the subdividers in a single deed to a predecessor in title of appellees and appellants with the same covenants and restrictions applying to all seven lots.

After a hearing before the court without a jury, the trial court entered judgment permanently enjoining appellants from building and maintaining duplex dwelling units, and any other structure in violation of the restrictive covenants, on their property.

We affirm judgment of the trial court.

The lots involved are part of Walnut Hills, Section Four, consisting of 42 lots, a duly recorded subdivision to the City of Austin.

Appellants, operating under the name of Omega Investment Company, acquired lots 39 and 40, Section Four, of Walnut Hills subdivision in January, 1969, and shortly thereafter filed an application with the City of Austin for resubdivision of the two lots, to be designated lots 39A, 40A, and 40B. The application for resubdivision was approved by the City of Austin in September, 1969, and the revised plat as to these lots was placed of record in Travis county soon thereafter.

■ The original subdivision plat of Walnut Hills, Section Four, which was approved and placed of record in Travis county in 1952, contained no restrictions of any kind, nor did it contain a declaration that restricted the size of lots. The mere filing of a map showing lots, but without restricting the size of lots, did not amount to a prohibition upon resubdivision of appellants' two lots into three smaller lots. MacDonald v. Painter, 441 S.W.2d 179, 184 (Tex.Sup.1969).

The deed by which the subdividers conveyed title to appellees' five lots and appellants' two original lots, before resubdivision, a conveyance to Allied Chain Link Fence Company, contained certain "conditions and restrictions," the first of which recited:

"The above described property shall be used for residence purposes only. No structure shall be erected, altered, placed, or permitted to remain on any residential building plot in 'Walnut Hills, Section Four,' . . . . other than one detached single family residence." (Omitted words refer to lots in "Section Five" not involved in this lawsuit but conveyed in the same deed).

The tenth paragraph of the conditions and restrictions stated the life of the covenants and provided for their modification:

"These covenants, conditions, and restrictions shall be binding on the grantee, its successors and assigns, until January 1, 1970, and thereafter for successive periods of ten years, unless by a majority vote of the then owners of 'Walnut Hills, Section

Four,' said covenants, conditions, and restrictions which apply to said 'Walnut Hills, Section Four,' are revoked or amended . . . ."

Appellants in November of 1970 sought to modify the restrictions as to their lots as resubdivided by an instrument purportedly executed by "a majority of the owners of Walnut Hills, Section Four, and the owners of a majority of the lots in Walnut Hills, Section Four," insofar as the restrictions apply to appellants' lots, ". . . so as to permit construction of duplex dwelling units on each and all of the lots" owned by appellants. That instrument was placed of record and introduced in the trial court.

After this lawsuit was filed, appellants sought a second time to modify the restrictions. In an instrument purportedly executed by "a majority of the owners in 'Walnut Hills, *Section 5*,'" an attempt was made "to revoke any and all restrictions insofar as said restrictions may prohibit construction of duplex dwelling units on any lot in 'Walnut Hills, *Section 4*' . . . ." (Emphasis added). This instrument, dated March 24, 1971, was recorded and later placed in evidence at the trial.

The trial court made and filed findings of fact and conclusions of law. The court found that in November of 1970 appellants ". . . attempted to change the restrictions in Walnut Hills, Section Four, insofar as they affected Lots 40, 40A and 39A, so that said lots might be used for one or more duplex dwelling units" and concluded as a matter of law that the restrictions ". . . are valid and existing restrictive covenants running with the land and covering . . . ." the lots owned by appellees and the lots owned by appellants.

Neither instrument by which appellants sought to modify the restrictions in Walnut Hills, Section Four, was effective to revoke or amend the restrictions to permit construction of duplex dwelling units on appellants' lots.

The first instrument did not purport to alter the restrictions on all lots in Section Four, but was limited in its scope to the two original lots owned by appellants. In jurisdictions where the question has been considered the rule appears established that ". . . any action taken by property owners to alter, extend, or revoke existing restrictions must apply to all of the properties which are subject to them." See 4 A.L.R.3rd 570, 582.

The language employed by the subdividers of Section Four shows an intent to establish a general plan applicable to the whole section. A rule that would permit the majority of the lot owners to alter or revoke the restrictions as to a few lots only, and to continue the covenants as to all other property in the section, would invite foreseeable mischiefs not within the original purposes of the subdividers. The most obvious of such mischiefs to result are uncertainties and possible discriminations.

The second attempt to amend the restrictions in Section Four was by a purported majority of the lot owners in Section Five. The subdividers plainly provided in the deed to the common predecessor in title of both appellants and appellees that the restrictions would ". . . be binding on the grantee, its successors and assigns, unless, by a majority vote, the then owners of Section Four . . ." revoked or amended the restrictions ". . . which apply to said 'Walnut Hills, Section Four' . . . ." The grantors and subdividers made no provision for lot owners in another section to revoke or alter the restrictions applying to Section Four.

In Loving v. Clem, 30 S.W.2d 590, 592, Tex.Civ.App. Dallas 1930, writ ref., the subdivider in effect had created different areas within a single subdivision, with provisions for amendment varied in the different areas. The court held that since the different provisions for amendment applied to different sections, it was the intention

of the subdivider that lot owners in each section had power to alter the restrictions in their own area without intervention of lot owners in another section. The principle of that decision is applicable to the case before us. We hold that the lot owners in Section Five were not authorized to amend the restrictions applying to the lots in Section Four.

Appellants contend finally that if any general building scheme was intended by the subdividers, the restrictions against duplex units have been rendered void by change of conditions in the subdivision or by abandonment of the scheme. We overrule these points of error.

The subdividers in this instance chose to place the restrictions in deeds, rather than incorporate them in the recorded plat. The record shows that Section Four as originally platted contained 42 lots, and that buildings have been erected on all but five of the original lots, including the two lots appellants have caused to be resubdivided. Lots 2 and 3, located near the northwest extremity of Section Four in a tier of single lots extending westerly from the principle portion of the section, were deeded in 1968 without the restriction against duplex units. The restrictions do prohibit business, trades, and professions, and the deeds show clearly the lots were intended for residence use only.

Appellants contend that abandonment of a general scheme in Section Four was effected, at least in part, by the subdividers when they failed to place restrictions in deeds to five lots (Nos. 12, 16, 18, 28, and 32) conveyed in 1954, 1956, and 1957. The record shows that the consideration in these transactions ranged from $12,600 to $18,500, with vendor's lien retained, indicating improvements had already been placed on these lots prior to sale by the subdividers. It is undisputed that in each instance the improvements consisted of a detached single family residence in conformity with the restrictions imposed by the subdividers.

No proof was made that the subdividers failed to include in their deeds the restrictions against duplex units as to any of the 42 lots of Section Four, except the five lots on which improvements in compliance with these restrictions had been erected prior to sale, and except Lots 2 and 3 sold in 1968 which were restricted to residential uses without specifying detached single family residences.

It was shown that duplex units have been placed on Lot 2, which was restricted only to residential use, and that duplex units have been placed on six other lots (Nos. 14, 17, 27, 29, 31, and 33). Proof also was made that Lots 19 and 20, which are situated at the southeast extremity of Section Four and do not adjoin any other lots in the section, are the site of a church building. Section Four has been developed to the extent that only three lots, in addition to appellants' lots, remain vacant.

■■■ Failure of the subdividers, as to Lots 2 and 3, to include the uniform restrictions against duplex units will not of itself take away the rights of other purchasers to have the addition maintained as restricted against duplex structures. Bethea v. Lockhart, 127 S.W.2d 1029, Tex. Civ.App. San Antonio 1939, writ ref. This Court held in an earlier case that it is not essential in the execution of a general plan that every lot in a subdivision be impressed with the restrictions. Green v. Gerner, 27 S.W.2d 828, Tex.Civ.App. Austin 1930, writ ref.

■■■ If the appellees may be said to have acquiesced in the placing of duplex units on six lots, apparently in violation of the restrictions, and to construction of a church on two other lots, their failure to prevent, or attempt to prevent, these violations will not amount to waiver of their rights. Green v. Gerner, 283 S.W. 615, Tex.Civ.App. Galveston 1926, affirmed Tex.Com.App., 289 S.W. 999.

The duplex units and the church erected in Section Four were removed from appel-

lees' lots, and unless they are shown to have materially affected appellees in the enjoyment of their property, appellees are not now precluded from enforcing the restrictions against appellants whose violations are next door to appellees' lots and are shown materially to affect the appellees. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506 (1944), citing Green v. Gerner, Tex.Civ.App., 283 S.W. 615, Tex.Com. App., 289 S.W. 999, and Spencer v. Maverick, 146 S.W.2d 819, Tex.Civ.App. San Antonio 1941, no writ. See also Farmer v. Thompson, 289 S.W.2d 351, Tex.Civ.App. Fort Worth 1956, writ ref. n. r. e.

 The presence of six duplex units and a church in Section Four, even if in violation of the restrictions against other than detached single family residences, fails as proof that the restrictions have been in fact abandoned. To prove abandonment of a general scheme or plan, it must be shown that the violations are so extensive and material as reasonably to lead to the conclusion that the plan had in fact been abandoned in the restricted area. Klein v. Palmer, 151 S.W.2d 652, Tex.Civ. App. Galveston 1941, no writ; Hemphill v. Cayce, 197 S.W.2d 137, Tex.Civ.App. Fort Worth 1946, no writ; Watson v. Wiseheart, 258 S.W.2d 350, Tex.Civ.App. Galveston 1953, writ ref. n. r. e. The trial court impliedly found that there had been no abandonment of the general plan which we hold was sufficiently supported by the evidence.

We have carefully examined all of appellant's points of error and the arguments and authorities brought under the points. We have concluded that the trial court correctly enjoined appellants from erecting duplex units on their property in violation of the restrictions and therefore overrule appellants' points of error.

The judgment of the trial court is in all things affirmed.

Affirmed.