**Duane D. WITMER, Appellant,**

v.

**Bill McCARTY et al., Appellees.**

**No. 8116.**

Court of Civil Appeals of Texas, Beaumont.

April 27, 1978.

D. Mike Fielder, Liberty, for appellant.

L. J. Krueger, Liberty, for appellees.

CLAYTON, Justice.

Defendant below appeals from a judgment granting a permanent injunction ordering defendant to remove a mobile home from his property and permanently enjoining him from placing a mobile home upon the property. Trial was to the court, and no findings of fact or conclusions of law were requested or filed.

Plaintiffs, being thirty property owners in the Whittington Subdivision in Liberty, sued defendant, also a property owner within such subdivision, to enforce the following two restrictive covenants:

"5. No trailor [sic], tent, shack, tin garage, barn, work shops or other buildings of like characteristics shall ever be erected or moved upon any part of this subdivision.

"6. . . . No building with less than 1,200 square feet, exclusive of outside porches and garages shall be built on . . . Lots 6 . . . in Block 3 [and other lots]. . . ."

Defendant moved a mobile home on Lot 6, Block 3, which he owned. The mobile home was placed on concrete blocks with the wheels still attached, and city water, electricity, and sewage were connected. Defendant testified that he intended to remove the wheels to build onto the home and to make other improvements, but did not make such improvements because of this injunction suit.

Since no findings of fact or conclusions of law were requested or filed, "the trial court's judgment must be viewed as impliedly finding all necessary facts in support of its judgment." *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). Every issue raised by the evidence must be resolved in favor of the trial court's judgment. *Oxford Development Co. v. Eppes*, 422 S.W.2d 583, 584 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Coker v. Harris*, 281 S.W.2d 100, 101 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.). Therefore, it must be presumed that the trial court found violations of both of the restrictions, i. e., the size requirements and the prohibition against "trailers."

In his first six points, defendant contends the trial court erred in entering judgment for plaintiffs because there were changed conditions in the subdivision and the restrictions were waived or abandoned. At trial, defendant introduced into evidence several photographs which he contends show violations of the restrictions by other property owners. The evidence adduced at trial indicates that some of the residents in the subdivision, including some of the plaintiffs, had parked self-contained recreational trailers, "barbeque trailers," and boat trailers on their property. The evidence also

shows some metal outbuildings and carports in the subdivision.

The mere presence of recreational trailers and boat trailers, both of which are used for recreational and pleasure purposes of the property owners, does not violate the prohibitive restrictions against "trailers." The restrictive covenant appears to have been directed at immobilized "trailers" designed and being used for residential purposes. The recreational type vehicles serve an entirely different purpose. By the very nature of their use they may be present one or two days of the week and absent from the property the remainder of the time. We are of the opinion the presence of carports, attached to and made a part of the homes, do not violate the prohibitive restrictions. This leaves us with the question of the presence of some metal outbuildings on some of the lots as being in violation of the restrictions. Most of these outbuildings are described as "small outbuildings." A review of the entire record shows that such "small outbuildings" exist on nine lots scattered throughout an area of fifty-four lots in the subdivision.

In *Stephenson v. Perlitz*, 537 S.W.2d 287, 288–89 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.), quoting *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 945 (1958), the Court states there are two circumstances where courts have refused to enforce residential-only restrictions:

(1) "[B]ecause of the acquiescence of the lot owners in such substantial violations within the restricted area as to amount to an abandonment of the covenant or a waiver of the right to enforce it."

(2) "[B]ecause there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant."

█ An important exception to this rule is that the owner "is not precluded from enforcing a restriction against an owner whose violation of it materially affects him, by failing to complain of another's violation which does not materially affect him in the enjoyment of his property or which is merely trivial." *Stephenson v. Perlitz*, supra at 289, quoting *Stewart v. Welsh*, 142 Tex. 314, 178 S.W.2d 506, 508 (1944).

A real estate expert witness testified that having a mobile home in the subdivision would lower the value of the property in the subdivision. There was no evidence that any outbuildings or any other matters complained of would affect property values. Therefore, the plaintiff owners were not precluded from enjoining the violations that materially affect them while not complaining of any other alleged violations.

█ "To prove abandonment of a general scheme or plan, it must be shown that the violations are so extensive and material as reasonably to lead to the conclusion that the plan had in fact been abandoned in the restricted area." *Zent v. Murrow*, 476 S.W.2d 875, 880 (Tex.Civ.App.—Austin 1972, no writ); *accord, Watson v. Wiseheart*, 258 S.W.2d 350, 353 (Tex.Civ.App.—Galveston 1953, writ ref'd n. r. e.).

There being no evidence in the record that any of the other lot owners were living in mobile homes or trailers in the subdivision and no evidence that any of the small utility buildings materially affected the owners, defendant has failed to show that the restrictions have been waived or abandoned.

█ Defendant contends in points seven through ten that there was no evidence or factually insufficient evidence to support a finding that the mobile home was a "trailer" within the meaning of the restriction. The recent Texas Supreme Court case of *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977) is dispositive of this issue. In *Lassiter* the Court specifically held that a mobile home was a "trailer." The mobile home involved in that case was 12 feet wide and 65 feet long, and its wheels had been removed. The Court stated, " . . . we hold that the mobile home in this case was a 'trailer' and was prohibited by the restrictive covenant. The term 'trailer' is to be understood in its usual meaning regardless of whether

it is referred to or described as a house trailer or mobile home." *Id.* at 356. We overrule these points.

In view of our disposition of this appeal, it is not necessary to discuss the other point urged by defendant.

From a review of the evidence in the record, the judgment of the trial court is supported by probative evidence, and the judgment is affirmed.

AFFIRMED.