**Iris GARLINGTON, Appellant,**

v.

**Lowell BOUDREAUX, et ux, Appellees.**

**No. 09–95–086 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 1, 1996.

Decided May 2, 1996.

John Cash Smith, Mehaffy & Weber, Orange, for appellant.

Jim Sharon Bearden, Orange, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This appeal emanates from a judgment granted in favor of appellees on November 28, 1994. On July 14, 1993, appellant, Iris Garlington, filed her original petition for mandatory injunction against appellees, Lowell Boudreaux and wife. The petition prayed for the enforcement of a restrictive covenant in existence on the Northmont Place subdivision in Orange, Texas, and for a mandatory injunction ordering appellees to remove a fence from the appellant's property. Both parties waived a jury and trial was to the bench with final judgment being entered. Plaintiff requested findings of fact and conclusions of law which were entered on January 30, 1995. The appeal was perfected on February 23, 1995.

Northmont Place was developed as a subdivision of patio homes, and, as such, adjacent property owners on one side were granted appurtenant easements on the neighboring owner's property up to the wall of the neighbor's home. However, the uses which may be made of such easements are not without limits; specifically, one restriction upon the owners of such easements limits fences to those *parallel to the curb*. The easement granted to the appellee by Northmont Place Restrictive Covenants is expressly granted and is clear and unequivocal. It reads as follows:

> The owners of lots for whose benefit such easements are granted shall be entitled to use such easements for patios, gardens, fences parallel to the curb, and other uses incidental to the enjoyment of their own

property. No permanent structures shall be built on such easements.

In August or September 1990, the appellees purchased their patio home in Northmont Place subdivision. At the time of purchase of the home, appellees placed two fences perpendicular to the curb. On the south side (the Rogeau side), appellees positioned their fence in such a way as to give the Rogeaus' full use of their easement on appellees' property. The appellees placed their second fence on the appurtenant easement on appellant's property.

On July 15, 1991, appellant purchased her patio home, located at 3117 Pebble Beach Lane, which was next door to the appellees' home. At the time appellant purchased her home, the appellees had in place a six-foot high fence on an appurtenant easement on appellant's property, stretching from the corner of appellant's garage to the back boundary line of her property. In the fall of 1992, appellees purchased a satellite dish and a hot tub and replaced the six-foot fence with an eight-foot fence constructed of solid boards and located a few inches directly below the eaves of appellant's garage. Appellees asserted this was necessary because appellant would come out to her sunroom which has windows and doors that face appellees' patio, and observe appellees' use of the hot tub.

Appellant alleges she objected to the presence of this eight-foot fence from the time of its construction as a violation of the restrictive covenants. Appellant admitted that her sunroom with windows and doors facing appellees' adjoining property violates the restrictive covenants, but asserts that this violation was in place before she acquired the property. Appellant then brought this action to enforce the restrictive covenants as set forth in the original instrument.

Appellant concedes that other violations exist, but urges and submits that they are not of such a severe nature as to justify a conclusion of abandonment of intent. Appellant contends that the fence is certainly a substantial breach, but it is not a violation so extensive as to render the general purpose of the subdivision impossible, because property owners are not prevented from maintaining their homes as patio homes—the underlying purpose of the subdivision has not wholly failed.

Appellant brings forth one point of error, complaining that "[t]he trial court erred in holding that the appellee could, contrary to a restrictive covenant, build and maintain a fence on the easement line which is not parallel with the curb." Appellant has divided this one point of error into four subparts.

▇▇▇▇ Appellant has filed a statement of facts, thus we review this case under the standard of review as set forth in *Stephenson v. Perlitz*, 537 S.W.2d 287, 289 (Tex.Civ. App.—Beaumont 1976, writ ref'd n.r.e.):

> Findings of fact are not conclusive on appeal when, as in this case, a statement of facts appears in the record. *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 158 (1950); *Rosetta v. Rosetta*, 525 S.W.2d 255, 260 (Tex.Civ.App.—Tyler 1975, no writ). And, findings of fact are binding on the appellate court only if supported by evidence of probative force.

The pleadings and the records in this case do not show that either party requested all of the relief given by the trial judge in the final judgment. The defendant/appellee did not file a countersuit against the appellant/plaintiff requesting that the restrictive covenants be enforced against her, and the appellant/plaintiff did not request that the defendant be ordered to lower his fence.

The question for determination is whether appellant waived or relinquished her right to enforce the restrictions as to the placement of the perpendicular fence.

▇▇▇ In *Stewart v. Welsh*, 142 Tex. 314, 178 S.W.2d 506, 508 (1944), the Court recognized the rule that an owner may waive his right to insist upon compliance with the restriction; but, the Court continued:

> [H]e is not precluded from enforcing a restriction against an owner whose violation of it materially affects him, by failing to complain of another's violation which does not materially affect him in the enjoyment of his property or which is merely trivial.

*Id.* at 508. This rule is well recognized and has been applied in other cases. *See e.g.,*

*Ortiz v. Jeter,* 479 S.W.2d 752 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.); *Davis v. Hinton,* 374 S.W.2d 723 (Tex.Civ. App.—Tyler 1964, writ ref'd n.r.e.); *Barham v. Reames,* 366 S.W.2d 257 (Tex.Civ.App.— Fort Worth 1963, no writ); *Zent v. Murrow,* 476 S.W.2d 875 (Tex.Civ.App.—Austin 1972, no writ).

■ Moreover, the burden was on the appellees to prove that the prior violations "were substantial in nature and materially affected the use of plaintiff's land for residential purposes." *Perlitz,* 537 S.W.2d at 289. We find no such proof in this case.

Courts reviewing restrictive covenant cases subsequent to the *Stewart* holding have been reluctant to find that a waiver exists. Even where a plaintiff in a suit to compel removal of a board fence had indicated his approval of the fence erected by the defendant and had aided the defendant in his placement of the fence, the court held that defendant failed to prove waiver. *Martin v. Moore,* 562 S.W.2d 274, 277 (Tex.Civ.App.— Austin 1978, no writ).

■ In a broader sense, the authorities have made a distinction between the rights of proprietor, such as the subdivider, and the rights of an individual lot owner. *Spencer v. Maverick,* 146 S.W.2d 819, 824 (Tex.Civ. App.—San Antonio 1941, no writ). A proprietor is one who is interested in violations of a covenant on any part of the entire tract, and acquiescence on his part may deny him an equitable right to enforce the covenants; a violation of a restrictive covenant that is of no interest to an individual lot owner, however, cannot appropriately call for an affirmative action on his part. *Id.* at 824. Therefore, "an individual lot owner is not under penalty of waiving his right to the enforcement of a restrictive covenant by his failure to take notice of such violations as do not affect him." *Id.* Even though other violations existed throughout the Northmont Place subdivision, appellant was not compelled to act toward any except those which affect her in a material way. As such, the inaction of others in protecting their property rights cannot adversely affect appellant's rights.

The fact that the fence was already there when appellant bought the property does not negate her rights. In *Litvin v. Kennedy,* 290 S.W.2d 707 (Tex.Civ.App.—Eastland 1956, no writ), the defendants erected a fence in violation of building restrictions before the plaintiffs purchased the adjoining property, and the plaintiffs' grantor had taken no action to enforce the restrictions. Even though the plaintiffs were the subsequent grantees of the grantor, the court found that building restrictions were for the benefit of the grantor's land and as such, the plaintiffs' rights were not waived. *Id.* at 708.

We hold that appellant did not waive her right to relief for the removal of the perpendicular fence. Appellant was entitled to the protection of the restrictions of Northmont Place. It follows, therefore, that the trial court erred in denying appellant the injunction she sought.

The judgment of the trial court is reversed, and the cause is remanded to that court with instructions to grant appellant a mandatory injunction ordering appellees to remove the perpendicular fence situated on the appurtenant easement on appellant's property. All costs are adjudged against the appellees.

REVERSED AND REMANDED WITH INSTRUCTIONS.