TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00165-CV






Lana R. Cox, Appellant



v.



Martha Melson-Fulsom, Appellee






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 10,447, HONORABLE D. V. HAMMOND, JUDGE PRESIDING 






 This is an appeal of a permanent injunction issued in favor of appellee, Martha Melson-Fulsom ("Fulsom"), requiring appellant, Lana Cox ("Cox"), to remove her travel trailer from her property
pursuant to a deed restriction. In eight points of error, Cox argues that the trial court erred in finding that: 
(1) Cox's trailer was a "trailer house" within the meaning of a deed restriction which prohibits "trailer
houses"; (2) Cox violated the deed restriction by improperly using her trailer on her property; (3) Fulsom
would be irreparably harmed if Cox was not required to remove her trailer from the property; and (4) the
deed restrictions have not been waived or abandoned. We will affirm the trial court's judgment.


THE DEED RESTRICTIONS


 Both Fulsom and Cox are owners of real property in Unit 1, Island Village Subdivision of
Llano County, Texas ("the Subdivision"). The parties own adjoining lake lot properties, and the lots are
burdened with certain restrictions. Cox derived her title to lot 110 in the Subdivision through a deed which
is subject to the following covenants and restrictions:


1. The premises herein conveyed shall be used only for lodge or home and not for any
business or commercial purposes. No trailer houses. No old houses moved in.


2. All improvements such as lodge, home or fence to be constructed shall be approved
by a BUILDING AND PLANNING COMMISSION. . . .


3. No lodge or home to be constructed on this lot or lots in Residence Zone shall have
a living area of less than 1000 square feet unless special permit in writing is granted by
above Planning Commission.


4. Any lodge or home to be constructed on this lot shall have a three piece bathroom
minimum and may have a lavatory, commode and shower stall with approved septic
tank and drain field. The kitchen shall have a minimum of one kitchen sink. No
outside toilet permitted.


5. Outside wall area of lodge or home to have a minimum of twenty (20%) per cent [sic]
masonry construction consisting of brick, ledgestone, fieldstone or native types of stone
veneer.


6. An assessment of $20.00 per lot per year shall run against each lot in said subdivision
for the maintenance of the park, roads, street and beach areas. . . .


7. No livestock such as cattle, horses, goats, pigs, etc., shall be allowed in premises: only
household pets such as cats, dogs, etc. . . .



 In context, the covenants specifically proscribe the use of trailer houses as dwellings on lots
in the Subdivision. Currently, the only trailer house being used as a dwelling in the Subdivision is a lot
where the property owner is in the process of constructing a permanent residence. All other trailer houses
in the Subdivision are merely being stored next to a property owner's permanent residence.


THE CONTROVERSY


 Cox purchased an unimproved lot in the Subdivision in August 1993. In April of the
following year, Cox moved a trailer onto her unimproved property and left it there continuously. Cox
testified that she was only storing the trailer on the property. However, Cox also testified that she stayed
in the trailer overnight on several occasions. The trailer did not have running water or a septic system, but
it was connected to electricity, and contained food and blankets for overnight use. The record shows that
Cox has not begun building a permanent residence on her lot.

 While it is clear that the homeowners' association and maintenance fee provided for in the
deed covenants were no longer in effect, the record shows that the other provisions were, for the most part,
being enforced. On one occasion, a property owner successfully sued to enforce the restriction prohibiting
people from moving old houses onto their property. On another occasion, Fulsom successfully demanded
that a property owner move a trailer off his lot.

 Of the estimated fifty to sixty homes in the Subdivision, there were only two violations of
the restriction requiring twenty-percent masonry, and only one violation of the restriction requiring a house
to have at least 1,000 square feet. There is no evidence of any other violations of the building restrictions
in this record.

 The district court found that Cox's trailer fits within the definition of "trailer house"
contained in the deed restrictions, and granted a permanent injunction in favor of Fulsom. Cox appeals on
the grounds stated above.


DISCUSSION


 In her first two points of error, Cox contends that the trial court erred in finding that her
travel trailer was a "trailer house" within the meaning of the deed restriction which prohibits "trailer houses." 
The definition of what constitutes a trailer is well settled in Texas. See, e.g., Lassiter v. Bliss, 559 S.W.2d
353 (Tex.1977); Witmer v. McCarty, 566 S.W.2d 102 (Tex. Civ. App.--Beaumont 1978, no writ);
Bullock v. Kattner, 502 S.W.2d 828 (Tex. Civ. App.--Austin 1973, writ ref'd n.r.e.). The Supreme
Court has stated that the term "trailer" should be "understood in its usual meaning, regardless of whether
it is referred to or described as a house trailer or mobile home." Lassiter, 559 S.W.2d at 356. In a
summary of the historical development of trailers, the Court explained that "[t]railers now encompass a
large category of vehicles, including hauling trailers, camping trailers, tent-trailers, and other recreational
vehicles." Id. at 360 (Johnson, J., dissenting). Cox's vehicle, which has wheels, a hitch, and a living area,
fits within the plain meaning of the term "trailer" as defined by the Court.

 Cox argues that, even assuming her vehicle is a "trailer," the deed restriction does not apply
because the restriction specifically prohibits "trailer houses" as opposed to mere "trailers." This argument
is without merit because Cox was, in fact, using her trailer as a house on an intermittent basis. Cox
admitted that the trailer was equipped with food, blankets, and electricity. Moreover, Cox admitted she
slept in the trailer on numerous occasions. Finally, Cox's property did not contain any residence other than
her trailer. Concluding that the trial court was reasonable in finding that Cox's trailer fits within the scope
of the deed restriction prohibiting "trailer houses," we overrule points of error one and two.

 Cox's third and fourth points of error complain of the trial court's finding that Cox violated
the deed restriction by improperly using her trailer on her property. Cox contends that she used her
property merely to "store" her trailer, and that there is no prohibition against storing items on one's
property. We conclude that this assertion is not supported by the record. As mentioned above, the record
indicates that Cox used her trailer, on occasion, as a house. The covenant prohibiting trailer houses
restricts property owners from moving trailers permanently onto their property for use as a primary
residence. Cox argues that her vehicle should not be prohibited because other property owners have
similar vehicles on their lots. We do not find the presence of such vehicles on other lots to be dispositive
of the issue. The other lots with similar vehicles on them also have either a permanent house or a permanent
house under construction. The record shows that Cox does not have a permanent residence on her lot. 
Therefore, Cox used her trailer as her occasional residence when she was on her property. Because Cox
did not merely "store" her trailer on her lot, but rather improperly used her trailer as an occasional residence
while on her property, we overrule points of error three and four.

 In her fifth and sixth points of error, Cox argues that the trial court erred in finding that
Fulsom would be irreparably harmed if Cox was not required to remove her trailer from her property. 
Fulsom testified that she wanted to see the deed restrictions enforced in order to protect the value of her
property. Other property owners in the Subdivision testified that allowing trailers in the area would lower
the value of their homes, and that allowing Cox to keep her trailer there would likely result in others moving
trailers into the Subdivision. Property owners also testified that prohibiting trailers in the Subdivision helped
keep property values more secure. One purpose of deed restrictions is to protect property values. See
Hicks v. Loveless, 714 S.W.2d 30, 34-35 (Tex. App.--Dallas 1986, writ ref'd n.r.e.). Violations of
deed restrictions most directly affect the value of adjoining lots. See id. at 35-36. There is evidence in the
record that the presence of a trailer house on the adjacent lot would adversely affect the value of Fulsom's
property. We therefore conclude that the trial court could reasonably find that the presence of Cox's trailer
could have a negative effect on the value of Fulsom's adjoining property, and thus cause Fulsom irreparable
harm. We overrule Cox's fifth and sixth points of error.

 In Cox's seventh and eighth points of error, she argues that the trial court erred in finding
that the deed restrictions have not been waived or abandoned. In order to establish abandonment or
waiver, Cox has the burden of proving that Fulsom voluntarily and intentionally relinquished her right to
enforce the restrictive covenants. Massachusetts Bond & Ins. Co. v. Orkin Exterm. Co., 416 S.W.2d
396, 401 (Tex. 1967); Dempsey v. Apache Shores Property Owners, 737 S.W.2d 589, 595 (Tex.
App.--Austin 1987, no writ); Farmer v. Thompson, 289 S.W.2d 351, 356 (Tex. Civ. App.--Fort
Worth 1956, writ ref'd n.r.e.). To carry that burden, Cox must prove that the violations then existing were
so extensive and material as to reasonably lead to the conclusion that the restrictions have been abandoned. 
Zent v. Murrow, 476 S.W.2d 875, 880 (Tex. Civ. App.--Austin 1972, no writ). Among the factors to
be considered in determining waiver are the number, nature and severity of the existing violations, any prior
acts of enforcement, and whether it is still possible to realize to a substantial degree the benefits sought to
be obtained by way of the covenants. Finkelstein v. Southampton Civic Club, 675 S.W.2d 271, 278
(Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.); New Jerusalem Baptist Church, Inc. v. City
of Houston, 598 S.W.2d 666, 669 (Tex. Civ. App.--Houston [14th Dist.] 1980, no writ). The failure
to object to trivial violations does not preclude enforcement of the covenants. Stewart v. Welsh, 178
S.W.2d 506, 508 (Tex. 1944).

 In support of her argument that the deed restrictions have been waived, Cox argues that
the property owners are not enforcing the covenants requiring a homeowners' association or the collection
of a maintenance fee. Moreover, Cox cites two violations of the masonry requirement and one violation
of the square footage requirement. The fact that these covenants have not been fully enforced does not
preclude Fulsom from attempting to enforce other restrictions which directly affect her property. See
Stewart, 178 S.W.2d at 508; Stephenson v. Perlitz, 537 S.W.2d 287, 288-89 (Tex. Civ.
App.--Beaumont 1976, writ ref'd n.r.e.). It is well established in Texas that a property owner is not
precluded from enforcing a deed restriction which materially affects her merely because she previously
failed to complain of a violation which did not materially affect her in the enjoyment of her property. 
Stewart, 178 S.W.2d at 508; Stephenson, 537 S.W.2d at 288-89.

 The record indicates that Fulsom sought to enforce the restrictions that most directly affect
her property. Fulsom testified that she is materially affected by the presence of trailers on lots near her
own, and that she had successfully demanded that another property owner near her house remove his trailer
from his lot. Fulsom's act of prior enforcement demonstrates the extent to which she relied on the covenant
prohibiting trailer houses in order to secure the full benefit and enjoyment of her property. Fulsom's failure
to enforce covenants which were less material to the value of her property does not bar her from enforcing
the covenants which materially affect the benefit and enjoyment of her property. Further, the failure of the
homeowners' association, both organizationally and financially, does not prohibit an individual homeowner
from enforcing the restrictive covenants when there is no evidence in the record that the failure of the
homeowners' association materially affected the individual homeowner. See Stewart, 178 S.W.2d at 508;
Garlington v. Bourdeaux, 921 S.W.2d 550, 553 (Tex. App.--Beaumont 1996, no writ); Witmer, 566
S.W.2d at 104.

 In sum, we hold that the covenant violations cited by Cox do not lead the average person
to reasonably conclude that the restrictions in the Subdivision have been generally abandoned. 
Furthermore, we hold that the existing violations do not preclude Fulsom from realizing to a substantial
degree the benefits intended through the covenants. Dempsey, 737 S.W.2d at 595. Having concluded
that the pertinent deed restrictions were not abandoned or waived, we overrule points of error seven and
eight.


CONCLUSION


 Having overruled all eight points of error, we affirm the trial court's award of a
permanent injunction and attorney's fees.



 __________________________________________

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 20, 1997

Publish



. We overrule Cox's fifth and sixth points of error.

 In Cox's seventh and eighth points of error, she argues that the trial court erred in finding
that the deed restrictions have not been waived or abandoned. In order to establish abandonment or
waiver, Cox has the burden of proving that Fulsom voluntarily and intentionally relinquished her right to
enforce the restrictive covenants. Massachusetts Bond & Ins. Co. v. Orkin Exterm. Co., 416 S.W.2d
396, 401 (Tex. 1967); Dempsey v. Apache Shores Property Owners, 737 S.W.2d 589, 595 (Tex.
App.--Austin 1987, no writ); Farmer v. Thompson, 289 S.W.2d 351, 356 (Tex. Civ. App.--Fort
Worth 1956, writ ref'd n.r.e.). To carry that burden, Cox must prove that the violations then existing were
so extensive and material as to reasonably lead to the conclusion that the restrictions have been abandoned. 
Zent v. Murrow, 476 S.W.2d 875, 880 (Tex. Civ. App.--Austin 1972, no writ). Among the factors to
be considered in determining waiver are the number, nature and severity of the existing violations, any prior
acts of enforcement, and whether it is still possible to realize to a substantial degree the benefits sought to
be obtained by way of the covenants. Finkelstein v. Southampton Civic Club, 675 S.W.2d 271, 278
(Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.); New Jerusalem Baptist Church, Inc. v. City
of Houston, 598 S.W.2d 666, 669 (Tex. Civ. App.--Houston [14th Dist.] 1980, no writ). The failure
to object to trivial violations does not preclude enforcement of the covenants. Stewart v. Welsh, 178
S.W.2d 506, 508 (Tex. 1944).

 In support of her argument that the deed restrictions have been waived, Cox argues that
the property owners are not enforcing the covenants requiring a homeowners' association or the collection
of a maintenance fee. Moreover, Cox cites two violations of the masonry requirement and one violation
of the square footage requirement. The fact that these covenants have not been fully enforced does not
preclude Fulsom from attempting to enforce other restrictions which directly affect her property. See
Stewart, 178 S.W.2d at 508; Stephenson v. Perlitz, 537 S.W.2d 287, 288-89 (Tex. Civ.
App.--Beaumont 1976, writ ref'd n.r.e.). It is well established in Texas that a property owner is not
precluded from enforcing a deed restriction which materially affects her merely because she previously
failed to complain of a violation which did not materially affect her in the enjoyment of her property. 
Stewart, 178 S.W.2d at 508; Stephenson, 537 S.W.2d at 288-89.

 The record indicates that Fulsom sought to enforce the restrictions that most directly affect
her property. Fulsom testified that she is materially affected by the presence of trailers on lots near her
own, and that she had successfully demanded that another property owner near her house remove his trailer
from his lot. Fulsom's act of prior enforcement demonstrates the extent to which she relied on the covenant
prohibiting trailer houses in order to secure the full benefit and enjoyment of her property. Fulsom's failure
to enforce covenants which were less material to the value of her property does not bar her from enforcing
the covenants which materially affect the benefit and enjoyment of her property. Further, the failure of the
homeowners' association, both organizationally and financially, does not prohibit an individual homeowner
from enforcing the restrictive covenants when there is no evidence in the record that the failure of the
homeowners' association materially affected the individual homeowner. See Stewart, 178 S.W.2d at 508;
Garlington v. Bourdeaux, 921 S.W.2d 550, 553 (Tex. App.--Beaumont 1996, no writ); Witmer, 566
S.W.2d at 104.

 In sum, we hold that the coven