11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jonathan Martindale, Marla Martindale, 

Johnny R. Woodard, and Joni L. Woodard

Appellants

Vs.                   No.  11-01-00096-CV B Appeal from Jones County

Larry Alvarado et al

Appellees

 

This is an
appeal from a summary judgment.  We
affirm in part and reverse and remand in part.

In April
1999,  Jonathan and Marla Martindale
moved into a mobile home on land they had previously purchased in the Quail
Country Subdivision located in Jones County. 
Johnny R. and Joni L. Woodard had a mobile home moved onto property they
had purchased in the same subdivision in January 2000. 

In March
2000, appellees filed suit, seeking to have the two couples remove their movile
homes from the subdivision because of deed restrictions which did not allow the
placement of mobile homes in the subdivision.

Subdivision
restrictions for the Quail Country Subdivision were recorded on February 3,
1978.  Section 4(d) of the restrictions
provides as follows: 

No mobile
home, trailer, tent, shack, garage, barn or other outbuilding or structure of a
temporary character, shall at any time ever be used as a residence, temporary
or permanent; nor shall any structure of a temporary character ever be used in
any way or moved onto or permitted to remain on any lot, except during
construction of permanent structures.

 

The
Martindales purchased their land, 20.2 acres, on or about August 4, 1995.  The Woodards purchased their property on or
about September 20, 1999. 

The
Martindales stated that they had knowledge of the deed restrictions before they
purchased their mobile home.  The
Woodards were aware of the restrictions prohibiting mobile homes.








Appellees
sent a notice to appellants which stated that appellants were violating the
deed restrictions.  The letter demanded
appellants to remove their mobile homes from the subdivision.  When the mobile homes were not removed,
appellees filed suit for declaratory relief and injunctive relief to enjoin
further violations of the restrictions.

Appellees
filed a traditional motion for summary judgment on December 6, 2000.  Appellants filed a third-party petition on
November 2, 2000, adding the sellers of the mobile homes to the suit. Appellees
filed a motion to sever the third-party claims on February 5, 2001.  An order granting partial summary judgment
was signed on February 19, 2001.  The
order declared appellants to be in violation of the deed restrictions and
ordered them to remove their mobile homes from the subdivision.  An order severing the third-party claims and
making the partial summary judgment final and appealable as to the remaining
parties was signed on February 26, 2001. 

Appellants
present the following issues on appeal: 
summary judgment was improper because there is a genuine issue of
material fact with regard to (1) estoppel; (2) laches; and (3) waiver.

Where the
plaintiff moves for summary judgment in an action in which the defendant has
pleaded an affirmative defense, the plaintiff is entitled to have his summary
judgment if he demonstrates by evidence that there is no material factual issue
upon the elements of his claim, unless his opponent comes forward with a
showing that there is such a disputed fact issue upon the affirmative
defense.  Gulf, Colorado & Santa Fe
Railway Company v. McBride, 322 S.W.2d 492, 497 (Tex.1958).

Appellants= second issue states that there is a material
issue of fact regarding estoppel.  For
estoppel, appellants must show that they were deceived by appellees.  Dempsey v. Apache Shores Property Owners
Association, Inc., 737 S.W.2d 589, 595 (Tex.App. - Austin 1987, no writ).  The party relying on estoppel has the burden
of proof, and the failure to prove any of the elements is fatal.  Dempsey v. Apache Shores Property Owners
Association, Inc., supra at 596.  The
elements of estoppel are:  (1) false misrepresentation
or concealment of material facts; (2) made with actual or constructive
knowledge of the facts; (3) to a party without knowledge or the means to obtain
knowledge of the real facts; (4) made with the intention that such
misrepresentation or concealment should be acted upon; and (5) the party to
whom it was made must have relied upon or acted upon it to his detriment.  Dempsey v. Apache Shores Property Owners
Association, Inc., supra at 595.








Appellants
admitted that they had actual notice of the restrictions at the time they
purchased the land.  Additionally, the
restrictions had been on file since 1978, providing them with constructive
notice.  Thus, the requirement for
estoppel that the party claiming estoppel must have not had knowledge or the
means to obtain knowledge of the real facts is lacking.  Appellants= second issue on estoppel is overruled.

Appellants= third issue on appeal involves laches.  Two essential elements of laches are:  (1) unreasonable delay by one having legal
or equitable rights in asserting them, and (2) a good faith change of position
by another to his detriment because of the delay.  City of Fort Worth v. Johnson, 388 S.W.2d 400, 404 (Tex.1964);
City of Houston v. Muse, 788 S.W.2d 419 (Tex.App. - Houston [1st Dist.] 1990,
no writ).  The burden of proof to
establish laches is on the defendant. 
City of Houston v. Muse, supra. 
The Woodards did not meet the first element as they were given notice of
the violation by a letter from appellees= attorney about one month after they moved the mobile home onto their
property.  Additionally, Johnny Woodard
admitted in his deposition that he had not done anything between the time he
bought the property and the date the suit was filed which caused him harm
because of the delay in the filing of the suit.  

Laches
does not apply where the defendant has acted in open and known hostility to a
plaintiff=s rights and has not been misled by the
plaintiff=s apparent acquiescence.  City of Houston v. Muse, supra.  Additionally, a one-month delay was not
considered an unreasonable delay in New Jerusalem Baptist Church, Inc. v. City
of Houston, 598 S.W.2d 666 (Tex.Civ.App. - Houston [14th Dist.] 1980, no writ).

There is
no proof in the record that supports the second element of laches for either
the Woodards or the Martindales.  Both
couples had actual and constructive notice of the restrictions prior to any
improvements to the property after moving the mobile homes.    Thus, there could be no good faith change
in their position based on the homeowners= failure to assert their rights. Appellants= third issue on appeal is overruled.








Appellants= first issue on appeal is that a genuine
issue of material fact exists regarding waiver of the deed restrictions.  To establish waiver, appellants had the
burden of proving that appellees voluntarily and intentionally relinquished
their rights to enforce the restrictive covenants.  Dempsey v. Apache Shores Property Owners Association, Inc., supra
at 595; Furr v. Hall, 553 S.W.2d 666 (Tex.Civ.App. - Amarillo 1977, writ ref=d n.r.e).

There are
several factors to be considered in determining whether a waiver has occurred,
including:  the number, nature and
severity of existing violations; any prior acts of enforcement; and whether it
is still possible to realize to a substantial degree the benefits sought to be
obtained by way of the covenants. 
Finklestein v. Southampton Civic Club, 675 S.W.2d 271, 278 (Tex.App. -
Houston [1st Dist.] 1984, writ ref=d n.r.e.).

In Texas,
property owners are not precluded from enforcing deed restrictions which
materially affect them because they have previously failed to complain of a
violation which did not materially affect them.  Cox v. Melson-Fulson, 956 S.W.2d 791, 794 (Tex.App. - Austin
1997, no pet=n). 
The burden is on appellants to prove that prior violations were
substantial and that they materially affected appellees= use of their land as a residence.  Stephenson v. Perlitz, 537 S.W.2d 287, 290
(Tex.Civ.App. - Beaumont 1976, writ ref=d n.r.e.).

While it
is true that silence may indicate an intention to act in a certain manner, such
silence or inaction must be coupled with knowledge of the right and with other
circumstances, such as inaction for an unreasonable period of time, which
evidences the intention to waive.  Furr
v. Hall, supra at 674.

To
establish waiver, appellants must show that the existing violations of the deed
restrictions were so great as to lead the mind of the average man to reasonably
conclude that the restrictions had been abandoned and enforcement waived.  Oldfield v. City of Houston, 15 S.W.3d 219,
226 (Tex.App. - Houston [14th Dist.] 2000, pet=n den=d). 
It is unclear how many existing violations would be enough to meet this
standard.  Evidence of 4 nonconforming
uses within 169 lots in a subdivision was not considered enough for the average
man to consider the restriction to have been abandoned.  New Jerusalem Baptist Church, Inc. v. City
of Houston, supra at 669.  Evidence of
11 nonconforming uses within 425 improved lots in a subdivision was not enough
to conclude that the restrictions were abandoned.  Dempsey v. Apache Shores Property Owners Association, Inc., supra
at 595.  In addition, the Dempsey
court stated that the existing violations did not preclude the property owners
from realizing to a substantial degree the benefits intended through the
covenants.  Dempsey v. Apache Shores
Property Owners Association, Inc., supra at 595.








Waiver is
usually a fact issue.  There is some
evidence that the deed restriction at issue has not consistently been
enforced.  Attached to Jonathan
Martindale=s deposition are copies of photographs of
other mobile homes or manufactured homes in the subdivision.  Virginia Taylor, a resident of the
subdivision and one of the appellees, stated in her deposition that she told
others that she would not have done anything about the Martindales= mobile home if the Woodards had not moved
in.  There is no set standard for how
many violations it takes for the average man to reasonably conclude that the
restrictions have been abandoned. 
Therefore, we find that appellants have raised a fact issue regarding
waiver of the deed restrictions and sustain the first issue.

The
judgment of the trial court is affirmed as to the issues of estoppel and laches
and reversed and remanded as to the issue of waiver.

 

PER
CURIAM

 

December 6, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.