In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-524 CV


____________________



FLOYD SEGREST, JAMES GRIFFIN and


CHARLOTTE GRIFFIN, Appellants



V.



MICHAEL HASELTINE, ET AL, Appellees






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 00-09-05746 CV






OPINION



 Several owners of real property in Woodland Forest Estates subdivision, in
Montgomery County, plaintiffs, (1) filed this suit against Floyd Segrest, and James and
Charlotte Griffin, defendants, to enforce restrictive covenants forbidding the use of a
trailer as a temporary or permanent residence. Defendants responded that the restrictions
sought to be enforced were waived by prior non-enforcement. Plaintiffs moved for
summary judgment as a matter of law. Defendants' response included affidavits and other
materials. Plaintiffs objected to defendants' summary judgment evidence, contending that
the affidavits contained conclusions, argument and opinions rather than facts, and that
other materials had not been properly authenticated. The trial court ruled that defendants'
actions violated the subdivision's restrictive covenants, and entered a permanent injunction
prohibiting the violations. 

 In their first issue, appellants contend the trial court erred in disregarding the
affidavits submitted in response to plaintiffs' motion for summary judgment, which they
contend support their waiver defense. In their second issue, they contend the trial court
erred in granting plaintiffs' motion for summary judgment. In the third issue, appellants
argue that the trial court erred in disregarding the affirmative defense of waiver raised in
their original answer. We address the issues together. 

 The affirmative defense of waiver was pleaded. However, simply pleading an
affirmative defense without proof does not defeat an otherwise conclusively established,
meritorious motion for summary judgment by a plaintiff. See C.S.R., Inc. v. Mobile
Crane Inc., 671 S.W.2d 638, 643 (Tex. App.--Corpus Christi 1984, no writ); see also
Yarbrough's Dirt Pit, Inc. v. Turner, 65 S.W.3d 210, 214 (Tex. App.--Beaumont 2001,
no pet.). Essentially, in filing a motion for summary judgment on plaintiff's claim, the
plaintiff may ignore pleaded affirmative defenses unsupported by summary judgment
evidence. See generally Brownlee v.Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); see also
Tag Resources, Inc. v. Petroleum Well Servs., Inc., 791 S.W.2d 600, 604 (Tex. App.--Beaumont 1990, no writ). 

 In support of their motion, plaintiffs submitted summary judgment evidence
establishing that the restrictive covenants of Woodland Forest Estates subdivision were
filed for record in the public records of Montgomery County, and that the restrictions
provide that "(n)o temporary structures such as a trailer, tent, shack, storage room or
garage shall be used at any time on any building site in this subdivision as either temporary
or permanent residence." Plaintiffs' summary judgment evidence established that the
Griffins own Block One, Lots 2 and 3 of Woodland Forest Estates, that a mobile home or
similar structure, owned by Segrest, is located on the property, and that Segrest resides in
the mobile home. Defendants do not contest this summary judgment evidence or that the
evidence is sufficient to establish a violation of the restrictive covenant as a matter of law. 
Instead, defendants argue the restrictive covenant has been waived and is therefore
unenforceable. 

 To be entitled to a trial on the issue of waiver and defeat plaintiffs' motion for
summary judgment, Segrest and the Griffins had the burden of raising a fact issue as to
whether the homeowners seeking to enforce the restrictive covenant previously
intentionally and voluntarily relinquished their right to enforce the covenant. To carry that
burden, they had to raise a fact issue as to whether the violations then existing were so
extensive and material as to reasonably lead to the conclusion that the restrictions had been
abandoned. Among the factors to be considered are the number, nature and severity of the
existing violations, any prior acts of enforcement, and whether it is still possible to realize
to a substantial degree the benefits sought to be obtained by way of the covenant. The
previous failure to object to trivial violations does not preclude enforcement of the
covenants. See Dempsey v. Apache Shores Property Owners Assn, Inc., 737 S.W.2d 589,
595 (Tex. App.--Austin 1987, no writ); see also Cox v. Melson-Fulsom, 956 S.W.2d 791,
794 (Tex. App.--Austin 1997, no pet.).

 In attempting to meet their burden on summary judgment, defendants submitted
their own affidavits. The format of their affidavits is essentially the same. In its order
granting plaintiffs' motion for summary judgment, the trial court found substantial portions
of the affidavits to be conclusory statements of law or fact, and ordered them stricken. 
The objectionable portions of the affidavits stricken by the trial court include statements
of legal conclusions, factual conclusions, irrelevant factual statements, and statements that
are purely argumentative, such as the "lawsuit is not fair" and that plaintiffs "do not have
the right to a summary judgment as a matter of law." 

 We find that the trial court correctly sustained plaintiffs' objections to these portions
of the affidavits. Affidavits submitted in support of or in opposition to summary judgment
must set forth facts as would be admissible in evidence. See United Blood Servs. v.
Longoria, 938 S.W.2d 29, 30 (Tex. 1997). Legal conclusions in affidavits opposing
summary judgment are not considered by a reviewing court. See Schull v. Lower Neches
Valley Auth., 416 S.W.2d 505, 510 (Tex. Civ. App.--Beaumont 1967, writ ref'd n.r.e.). 
Factual matters not relevant to the issue of the alleged violation of the restrictive covenant
and pure argument in affidavit form are likewise not proper summary judgment evidence. 
 Plaintiffs also objected to photographs and to a plat of the subdivision submitted as
summary judgment evidence. Plaintiffs contend that neither the photos nor the plat are
authenticated in any manner that would make them admissible evidence. 

 The admissibility of a photograph is conditioned upon its identification as an
accurate depiction of relevant facts and verification by a person with knowledge as
correctly representing those facts. See Davidson v. Great Nat'l Life Ins.Co., 737 S.W.2d
312, 314-15 (Tex. 1987). Nothing in defendants' responsive summary judgment evidence
provides authentication of the photographs. Also, the plat submitted contains nothing on
its face that would make it self-authenticating. See Tex. R. Evid. 902. The affidavits filed
with the response to the motion do not establish the plat's authenticity. On this record, the
trial court properly sustained plaintiffs' objections to the photographs and the plat. 

 Plaintiffs established by proper summary judgment evidence a violation of 
restrictive covenants on the property owned by the Griffins and occupied by Segrest. 
Defendants' pleading of an affirmative defense is not sufficient by itself to avoid summary
judgment. They were required to present proper summary judgment evidence to raise a
fact issue on the pleaded defense. The trial court properly determined that defendants did
not do so. Issues one, two, and three are overruled.

 The judgment of the trial court is affirmed. 

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice

 


Submitted on November 18, 2002

Opinion Delivered December 19, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION


 As noted by the majority, the trial court struck portions of the affidavits filed by
James Griffin, Charlotte Griffin, and Floyd Segrest. (2) Appellants claim the trial court erred
in striking the following statements: 


 "To my knowledge there has never been a civic association that I have been aware
of because prior to purchasing this property I tried to find the same."
 "There are numerous violations including homes not built in compliance with the
building set back lines, there is another manufactured home in the subdivision and
there are many violations of the deed restrictions as set forth in the attachments to
this response."
 "I am asking that the Court deny the motion for summary judgment because . . .
there is a garbage dump in the middle of this subdivision, Further, I have not ever
paid maintenance fees and the same have been waived as far as I am aware."


 In statements numbered two and three, appellants averred facts within their personal
knowledge which, if true, constitute past and ongoing violations of the covenants and
restrictions and are probative evidence that support appellants' claim the restrictions have
been waived. I would find the trial court erred in striking these facts and the conclusions
derived therefrom. Consequently, appellants' affidavits set forth specific facts that raise
a fact issue on their affirmative defense of waiver. See Allen v. W.A. Virnau & Sons, Inc.,
28 S.W.3d 226, 231 (Tex. App.--Beaumont 2000, pet. denied). Appellants' summary
judgment evidence was therefore sufficient to defeat plaintiffs' motion and I would sustain
issues one and two, reverse the trial court's order granting plaintiff's motion for summary
judgment, and remand the cause for further proceedings.




 DON BURGESS

 Justice


Dissent Delivered

December 19, 2002

Do Not Publish
1. Michael Haseltine, Carla Haseltine, Danny Austin, Dianna Austin, Willie Cousins,
Henry Dyer, Carol Dyer, Larry Graham, Pam Graham, Virginia Hyland, Tommy Jones,
Karen Jones, Amon Kinkaid, Brenda Kinkaid, Doug Loomis, Gena Loomis, Randy Lopez,
Debra Lopez, J.D. Mabry, Liz Mabry, Benny Macaluso, Regina Macaluso, Don Martin,
Norma Martin, James Scott, Cindy Scott, Harmon Tucker, Haroldene Tucker. 
2. We note the trial court's order striking appellants' affidavits was contained in the
order granting plaintiffs' motion for summary judgment. Consequently, appellants were
not permitted an opportunity to amend the alleged defects. See generally Ridgway's, Inc.
v. Payne, 853 S.W.2d 659, 662-63 (Tex. App.--Houston [14th Dist.] 1993, no writ).